### 47275.   UNITED STATES FIDELITY & GUARANTY COMPANY v. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY.

EVANS, Judge. On April 6, 1970, Don Bridges was driving a Chevrolet truck, which he had borrowed from his father, Charles B. Bridges. A trailer was attached to said truck, and it became unattached and collided with an automobile occupied by Neil G. Smith, Mary Pauline Harrelson and Leona Covington, who were injured in said collision, and who employed counsel and presented their demand for payment to said Don Bridges. Don Bridges, at the time of collision, was the owner of two motor vehicles which were not involved in the collision, and on them he carried a liability insurance policy with Georgia Farm Bureau Mutual Insurance Company. Charles B. Bridges at that time was carrying a liability insurance policy

with United States Fidelity & Guaranty Company, but which insurer denied covered the Chevrolet truck involved in said collision.

Georgia Farm Bureau Mutual Insurance Company brought the present declaratory judgment action against the injured parties, and against the owner and the driver of the truck, and against United States Fidelity & Guaranty Company, contending that said latter insurance company did in fact insure the said truck at the time of the collision, and that it was the primary insurer in the case, and that no settlement could be negotiated until the rights of the respective parties, and especially the status of the two insurance companies, had been adjudicated and settled.

U. S. F. & G. Co. answered and denied that its policy covered the truck that was involved in the collision. All other defendants are in default.

The two insurance companies, plaintiff and defendant, submitted the case for trial by the judge without the intervention of a jury, and also presented to the court an agreed stipulation of facts. The trial judge rendered judgment, declaring U. S. F. & G. Co. to be the primary insurance carrier with respect to the truck and further declaring that it was primarily responsible for the liability of the truck driver and truck owner, if any, "as well as any other duty that will be incumbent upon them to defend any cause of action that may be filed by the claimants, who are party defendants." U. S. F. & G. Co. appeals, contending the evidence was insufficient to support the decree. *Held:*

We find no agreed stipulation of facts in the record, albeit defendant attaches one to its brief as an exhibit. Our Rule 18 in subsection (b) states: "Except as controverted, the statement of facts by the appellant may be accepted by this court as being prima facie true." Georgia Farm Bureau, appellee, accepted the statement of facts in the brief of U. S. F. & G. Co., appellant, "with the exception that the policies of insurance . . . were not attached."

On May 17, 1972, we requested counsel for U. S. F. & G. Co., appellant, to furnish a copy of said insurance policies, certified as true by the clerk of the trial court, but as of June 26, 1972, our request has not been complied with. The clerk of the trial court has certified there is no such document of file in his office.

Having tried to obtain a complete record in accordance with *Code Ann.* § 6-805 (Ga. L. 1965, pp. 18, 24) of the New Appellate Practice Act, and having failed, we are therefore limited in our further consideration of this case. Having done all that we can to speedily review this case, and still having an incomplete record on which to review it, we can only affirm the judgment. See *Holloway v. Poppell,* 114 Ga. App. 531, 532 (152 SE2d 4); *Herring v. R. L. Mathis Dairy Co.,* 118 Ga. App. 132 (1) (162 SE2d 863), s.c., 225 Ga. 67 (166 SE2d 89); *G. E. C. Corp. v. Southern Fabricators,* 122 Ga. App. 452 (1a) (177 SE2d 497); *Martin v. Dept. of Public Safety,* 226 Ga. 723 (2) (177 SE2d 243). While we might have been able to review the case upon the briefs of counsel, yet we must consider the insurance contracts to determine whether or not any coverage exists.

These are not before us.

*Judgment affirmed. Bell, C. J., and Stolz, J., concur.*

SUBMITTED MAY 23, 1972—DECIDED JULY 13, 1972—
REHEARING DENIED JULY 28, 1972.

*H. T. Greenholtz, Jr.,* for appellant.
*Jesse G. Bowles,* for appellee.