Lee H. Baker, *pro se.*

## 50091. FRANKS v. REID et al.

Webb, Judge.
Plaintiff in this personal injury action appeals with a
certificate for immediate review from the order of the trial
court granting defendants' motion, under CPA § 36 (b)
(Code Ann. § 81A-136 (b)), to withdraw any admissions
made by them resulting from failure to answer requests
for admissions, and allowing them fifteen days in which to
answer the requests. *Held:*

1. "Any matter admitted under this section
[requests for admission] is conclusively established
unless the court, on motion, permits withdrawal or
amendment of the admission. Subject to the provisions of
section 81A-116 governing amendment of a pretrial
order, the court may permit withdrawal or amendment

when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits." CPA § 36 (b) (Code Ann § 81A-136 (b)).

2. " '[T]he test now stated in Rule 36b for withdrawal of admissions is tailored more precisely to the purposes of Rule 36 generally, and . . . the admission that otherwise would result from a failure to make timely answer should be avoided when to do so will aid in the presentation of the merits of the action and will not prejudice the party who made the request.' " *National Bank of Ga. v. Merritt,* 130 Ga. App. 85, 86 (202 SE2d 193). "In such cases, it is important that the discretion of the trial court, intelligently disposed to this end, not be curtailed by the appellate courts." *Coolik v. Hawk,* 133 Ga. App. 626.

3. The order under review recites: "Defendants' May 23, 1974 motion to permit the withdrawal of any answers made by them to plaintiff's request for admissions having come on regularly for hearing and after consideration of all the evidence including the entire record together with defendants' motion and exhibits and plaintiff's response and exhibits attached thereto filed on September 3, 1974, and after hearing argument of counsel for all parties, the court finds that the defendants have made the required legal showing, and the court, in its discretion, does hereby consider, order and adjudge that the defendants be and are hereby permitted to withdraw any admissions made by them . . ."

4. We find no sufficient reason to interfere with this order. See *A & D Barrel & Drum Co. v. Fuqua,* 132 Ga. App. 827, 832 (2c) (209 SE2d 272). Compare *Porter v. Murlas Brothers Commodities,* 134 Ga. App. 96 and cits. *Moore v. Hanson,* 224 Ga. 482 (162 SE2d 429) does not require a different result, since that case was decided prior to Ga. L. 1972, pp. 510, 528, which amended CPA § 36 (b).

*Judgment affirmed. Bell, C. J., and Marshall, J., concur.*

SUBMITTED JANUARY 7, 1975 — DECIDED FEBRUARY 7, 1975 —

*Larry Cohran,* for appellant.
*Dennis & Fain, Dennis J. Webb,* for appellees.