## 52317. DUBS v. THE STATE.

STOLZ, Judge.

Appellant, the surety on a bond in a criminal case, appeals from the dismissal of his motion to set aside a rule absolute issued as the result of his principal's failure to appear for arraignment and trial of the offense with which he was charged.

The record before us reveals that the rule nisi on the bond was dated June 11, 1975, served on appellant June 20, 1975, and returnable to the court on August 4, 1975. Neither appellant nor his principal made any appearance pursuant to the rule nisi. Rule absolute was issued on

November 19, 1975, reciting that no sufficient cause had been shown why the bond should not be forfeited. We take judicial notice that the terms of the Superior Court of Ware County commence on the second Monday of April and the second Monday in November of each year. Code Ann. § 27-906 provides that scire facias on all forfeited bonds shall be returnable to the next term of such court or to the term following the next term if so ordered by the presiding judge. Here, the notice of forfeiture, dated June 11, 1975, required the appellant and his principal to appear "at the next term of the Superior Court of Ware County to be held on the 4th day of August, 1975, next . . ." The words "on the 4th day of August, next" would not be at the next term of Ware Superior Court, for the next term would not begin until the second Monday in November. However, these words are merely surplusage. The notice plainly required the appellant and his principal to show cause why judgment should not be rendered against them "at the next term. . ." They made no appearance. The next term of the Ware Superior Court began on November 10, 1975 (second Monday). The rule absolute was entered decreeing judgment against the appellant and his principal on November 19, 1975, during the "next term." There is nothing in the record to show why the appellant could not have traversed any defective entries in the record. "A motion to set aside must be predicated upon some nonamendable defect which does appear upon the face of the record or pleadings. To be subject to motion to set aside, it is not sufficient that the complaint or other pleading fails to state a claim upon which relief can be granted, but the pleadings must affirmatively show that no claim in fact existed." Code Ann. § 81A-160 (d) (Ga. L. 1966, pp. 609, 662, as amended).

The trial judge correctly dismissed the appellant's petition to set aside.

*Judgment affirmed. Bell, C. J., and Webb, J., concur.*

ARGUED JUNE 7, 1976 — DECIDED JULY 6, 1976.

*Nathan & Nathan, Ivan H. Nathan,* for appellant.

*Dewey Hayes, District Attorney, M. C. Pritchard, Assistant District Attorney,* for appellee.