## 58702. ACE BONDING COMPANY v. THE STATE.

BIRDSONG, Judge.

Bond forfeiture. The facts show that one Frazier was sought to be extradited by the State of New York. Frazier brought a habeas corpus which was denied by the trial court. Frazier carried an appeal to the Supreme Court. He as principal and the appellant Ace Bonding Co. as surety gave a supersedeas bond in the amount of $20,000 pending the appeal. The Supreme Court affirmed the denial of habeas corpus on March 5, 1979. On May 9, 1979, the District Attorney for Chattahoochee Judicial Circuit filed a rule nisi for forfeiture of the bond unless the principal, Frazier, or the surety, Ace Bonding Co., at the next term of court showed sufficient cause why the forfeiture of bond should not be made final, and a scire facias issued. Service of the rule nisi informing the surety and principal that they were required to appear at the next term of court on the first Monday in June next to show cause why judgment should not be entered against them for the amount of their supersedeas, signed by the clerk of the superior court was served upon the owner of Ace Bonding Co. on May 10, 1979. A rule absolute was entered on June 5, 1979. That rule absolute reflected that in regard to the forfeiture of the supersedeas bond, the principal Frazier was called upon to abide by the judgment of court and Ace Bonding Co. had been warned to present Frazier, and that both parties were in default; an order nisi had been granted forfeiting the appearance bond; a scire facias had issued and had been served upon Ace Bonding Co.; and no cause having been shown at the June term of court, the bond was ordered forfeited and the holder granted recovery of the $20,000. Rather than filing a motion to dismiss the rule absolute in the trial court and offering any available defenses, appellant Ace Bonding Co. filed a direct appeal to this court. Appellant now urges error by the trial court in that there is no affirmative showing in the record that a personal call was issued in open court for Frazier or the bonding company nor is there any showing that the case was placed upon any docket so as to give appellant any notice of the projected hearing. *Held:*

Bail was admitted in this case pursuant to the

provisions of Code Ann. § 44-418 (Ga. L. 1951, pp. 726, 732) dealing with fugitives from justice. That code section in pertinent part provides: "If the prisoner is admitted to bail, and fails to appear and surrender himself according to the conditions of his bond, the judge . . . shall declare the bond forfeited . . . Recovery may be had on such bond in the name of the State as in the case of other bonds given by the accused in criminal proceedings within this State." Reference to the provisions pertaining to bonds in other criminal proceedings leads to Code § 27-905. That section provides in pertinent part: "Upon the failure of any principal in any bond . . . given by a person charged with a penal offense to appear . . . the prosecuting attorney shall proceed to forfeit such bond . . ." Code § 27-906, which also is pertinent, provides: "The clerk shall issue a scire facias on all forfeited bonds, . . . returnable to the next term of such court . . . against the principal and his sureties, which shall be served by the sheriff . . . at least 20 days before the return thereof . . . If, at such return term, no sufficient cause shall be shown to the contrary, judgment, on motion, shall be entered against such principal and sureties . . . as have been served."

A review of the record in this case shows that these statutory requirements were met. Following the denial of Frazier's appeal by the Supreme Court, his presence was demanded in compliance with the judgment and order of the superior court denying his motion for habeas corpus. The district attorney notified the surety on the supersedeas bond that the bond would be forfeited if either Frazier did not appear or good cause should not be shown for his nonappearance at the first Monday of the next term (June Term) of court. The first Monday of the June term was shown to be June 4, but that was a legal holiday and consequently the first day of the term for business was Tuesday, June 5, 1979. It is not disputed that the owner of Ace Bonding Co. was served notice on May 10, 1979, more than 20 days before the return of the notice of hearing for good cause not to forfeit the bond, to be held on a day certain. The record further shows by reasonable implication on June 5, that Frazier was ordered to appear but did not appear and that Ace Bonding Co. having been ordered to present Frazier or show good cause for his

nonappearance, did not do so. We are satisfied that the record in this case makes an appropriately affirmative showing that the requirements of Code § 27-906 have been met.

Appellant argues that there is no affirmative showing that a case for forfeiture was called in open court or that proper notice by docketing of the case was made. However, as previously observed herein, appellant did not proceed by a motion to dismiss the forfeiture in the trial court. There is nothing in this record to show why the appellant could not have traversed any defective entries in the record. See *B & J Bonding Co. v. Bell,* 232 Ga. 623, 625 (208 SE2d 555); *Dubs v. State,* 139 Ga. App. 236, 237 (228 SE2d 213). We have found on the face of the record a sufficient notice and compliance with the statutory forfeiture proceedings. Moreover, there is a presumption that a trial judge, acting as a public official, faithfully and lawfully performed the duties devolving upon him (*Bank of Clearwater v. Kimbrel,* 240 Ga. 570, 572 (242 SE2d 16)) and in the absence of a showing in the record that notice and opportunity for hearing was denied to appellant, we will presume that the trial court fully complied with the law. *U. S. Fidelity &c. Co. v. Ga. Farm Bureau Mut. Ins. Co.,* 126 Ga. App. 831 (191 SE2d 893). We find no merit in the enumeration of error by appellant.

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

SUBMITTED OCTOBER 18, 1979 — DECIDED NOVEMBER 21, 1979.

*Thomas L. Thompson, Jr.,* for appellant.
*William J. Smith, District Attorney, Tasca A. Williams, Assistant District Attorney,* for appellee.