## 59022. SENTRY INDEMNITY COMPANY v. BRADY et al.

BIRDSONG, Judge.

Denial of summary judgment. Appellant Sentry Indemnity Co. issued a policy of insurance to Brady, insuring Brady's automobile and its several drivers in his household. In the application Brady furnished information in answer to a question in the application that no driver or member of the household in the past five years had been convicted of or forfeited bail for any traffic

violation, civil or criminal offense, or had been involved in any traffic accident. Based upon this application, Sentry issued a policy of insurance. During the term of the policy, one of the covered drivers was involved in an accident causing injury to a cycle rider, Gregory. Sentry made a routine investigation and determined that Brady had, within the five years preceding the date of the application, been guilty of several violations, including citations for two accidents and three moving traffic violations. Sentry sought a declaratory judgment contending that the policy was void ab initio because of false and material misrepresentations in the application. Neither Brady nor any of the other scheduled drivers filed any answer to the complaint filed by Sentry. Sentry also sought admissions that the application contained material misrepresentations of fact; that the policy subsequently issued was void ab initio; that Sentry returned the premium to Brady and that Brady accepted and negotiated the check by which the premium was returned; and that Sentry had no insurance coverage pertaining to the drivers of Brady's car or covering the accident in question. Neither Brady nor any of the scheduled drivers of Brady's car made any answer to the request for admissions. However, the party injured in the accident (Gregory and his son), did file an answer to the complaint. At the hearing on a motion for summary judgment filed by Sentry and at a hearing upon a motion by Sentry to stay any proceeding devolving from the accident, Brady appeared pro se but without furnishing pleadings. In support of its motion for summary judgment, an authorized officer of Sentry furnished an affidavit alleging that had the true information been known about Brady's driving record, assuming a policy could have been issued, the premium would have been greater; but as a matter of fact, no policy would have been issued because underwriting restrictions would not have allowed Sentry to issue the coverage. The trial court denied the motion for summary judgment but issued a certificate of immediate review. This court granted Sentry's timely motion for interlocutory review. *Held:*

The only brief filed in this case is by the appellant Sentry. The failure of the appellees to file a brief admits

the statement of facts by the appellant and we will accept the statement of facts presented by the appellant as being prima facie true. *Colson v. State,* 138 Ga. App. 366 (1) (226 SE2d 154); *U. S. Fidelity &c. Co. v. Ga. Farm Bureau Mut. Ins. Co.,* 126 Ga. App. 831, 833 (191 SE2d 893). Moreover, because Sentry's requests for admissions were not answered within the requisite number of days (or at all), the admissions are admitted as a matter of law. *Moore v. Hanson,* 224 Ga. 482 (1) (162 SE2d 429); *Bramblett v. Whitfield Fin. Co.,* 143 Ga. App. 853 (240 SE2d 230).

In order to void a policy of insurance for a misrepresentation in the application, the insurer must show that the representation was false and that it was material in that it changed the nature, extent, or character of the risk. Ga. L. 1960, pp. 289, 660 (Code Ann. § 56-2409). A material misrepresentation is one that would influence a prudent insurer in determining whether or not to accept the risk, or in fixing a different amount of premium in the event of such acceptance. *Lee v. Metropolitan Life Ins. Co.,* 158 Ga. 517 (2) (123 SE 737); *Empire Life Ins. Co. v. Jones,* 14 Ga. App. 647 (2) (82 SE 62). It is unrebutted that accurate information as to Brady's driving record would have caused a higher premium or a rejection of the application based upon the underwriting limitations.

The appellees have filed no opposing affidavits to Sentry's affidavit showing the above facts. While ordinarily the question as to the materiality of misrepresentations is for the jury, where the evidence excludes every other reasonable inference except that they were material, no issue is presented on that point for consideration. Under the circumstances of this case, the failure to grant summary judgment to Sentry was error. *Bourne v. Balboa Ins. Co.,* 144 Ga. App. 55, 56-57 (240 SE2d 261). Accordingly, the judgment will be reversed with direction to enter summary judgment in behalf of appellant Sentry.

*Judgment reversed with direction. Quillian, P. J., and Smith, J., concur.*

ARGUED NOVEMBER 20, 1979 — DECIDED JANUARY 24, 1980.

*Richard B. Eason, Jr., Carolyn J. Kennedy,* for appellant.

*William R. Carlisle, Terry B. Brady, Victor W. Herrington,* for appellees.