## 67648. WORTH et al. v. ALMA EXCHANGE BANK & TRUST.

McMurray, Chief Judge.

On October 1, 1980, Leon Worth executed a demand note designated as loan number 15589 in the amount of $100 in favor of the Alma Exchange Bank and Trust, Alma, Georgia. A separate "guaranty of payment" was attached thereto executed by Homer Worth made for value received but with no date shown thereon. As security for the loan the note referred to deeds to secure debt, dated 10-1-80 to "75 acres land lot 417 5th ld" and "land lot 457 & 418 5th ld." On December 5, 1980, Leon Worth executed a promissory note referred to as a "consumer collateral note," number 16053, in the amount of $6,000 as the amount of the loan, total payments $7,111.93, in favor of Alma Exchange Bank and Trust, Alma, Georgia, the collateral being a 1981 Ford pick-up with a certain serial number as shown on the note. On July 24, 1981, Leon Worth executed a "consumer single payment note and security agreement" to the Alma Exchange Bank and Trust, Alma, Georgia, as a renewal note, number 001299, securing the proceeds of a loan of $30,000 being a direct renewal of loan number 4041505-000299. Under the security interest it referred to certain real property described in certain deeds to secure debt, dated "11-18-80" and "10-2-80" as to 75 acres in Land Lot 417, 5th Land District and property located in Land Lots 457, 418, 5th Land District, recorded in deed books of Bacon County, Georgia. The indebtedness in loan number 001299 was secured by a deed to secure debt wherein the borrower conveyed to the lender certain real property. The borrower was shown therein to be indebted to the lender in the sum of $15,000 and also $100. The land in the deed to secure debt was described as consisting of 75 acres more or less in original Land Lot 417, 5th Land District of Bacon County, Georgia, being more particularly described in a plat of survey recorded in Bacon County, Georgia and also by metes and bounds. This instrument referred to notes "dated 10-1-1980 in the amount of $15,206.73 payable 10-31-80, at the interest rate of 15.00%" and "10-1-80 in the amount of $100.00 due on demand at the rate of 15.00%."

The 1981 Ford pick-up truck referred to in note number 16053 was voluntarily surrendered by Leon Worth. He contends, however, that he had not received any information from the bank that it intended to seek a deficiency judgment against him.

Thereafter, Alma Exchange Bank and Trust, as plaintiff, sued Leon Worth and Homer Worth alleging the defendants are indebted to the plaintiff in the amount of $38,289.92, including interest through April 14, 1982, with a daily interest accrual of $18.02 together with attorney fees of 15% of principal and interest through date of payment on the promissory notes referred to above. Plaintiff contends

that by separate written instrument dated May 28, 1981 (attached as an exhibit), Homer Worth guaranteed the payment of all indebtedness of Leon Worth and that this guarantee encompasses and includes the three promissory notes hereinbefore described. The complaint set forth that Leon Worth had executed and delivered to the plaintiff a deed to secure debt conveying 75 acres of land referred to in the above deed to secure debt and also a deed to secure debt conveying a small plot of land in Land Lots 457 and 418 in the 5th Land District of Bacon County. On the same date, October 1, 1980, in separate instruments Homer Worth and Leon Worth executed a deed to secure debt to the Alma Exchange Bank (the Homer Worth deed for loan of $34,000) (the loan of Leon Worth for an indebtedness of $15,000 and $100) both instruments describing land in Land Lots 457 and 418 of the 5th Land District of Bacon County, Georgia, describing the same property by courses and distances located near the intersection of two roads. Each of the deeds to secure debt attached to the pleadings set forth a clause reciting that such instrument secures any and all renewals and extensions of the described indebtedness and also any other indebtedness, principal and interest now owing or that may be incurred hereafter by borrower to lender by reason of additional loans or otherwise. Plaintiff alleged further that payments of such notes are in default and demand for payment has been made and notice of attorney fees has been given, demanding judgment against the defendants.

Both defendants answered, in substance, denying the claim, admitting only jurisdiction but adding that the indebtedness is and was secured by a deed to secure debt over real estate. However, defendant contends the 75-acre tract had been sold upon foreclosure of the deed to secure debt in question after advertisement on April 6, 1982, to satisfy the indebtedness and the property was sold to Homer Worth as bidder for his wife for $15,000 and the plaintiff who instituted foreclosure proceedings did not and has not within 30 days of the sale of said property on April 6, 1983, reported the sale for confirmation and approval. With reference to the note in which the pick-up truck was offered as security the possession of same was voluntarily surrendered to the plaintiff by agreement between the parties in satisfaction of this alleged debt and defendant has not received any notice that plaintiff intended to seek a deficiency judgment against him. Defendant contends plaintiff has by this action and another proceeding in another case in the same court, sought to recover from the defendants excessive financial charges in violation of the law. Defendant also contends that plaintiff has asserted illegal interest charges in violation of the usury statutes with reference to the loans and defendants are entitled to recover penalties provided for in the Motor Vehicle Sales Finance Act, and they seek judgment for same in their answer to this

complaint.

On August 9, 1982, in this same case, plaintiff applied for confirmation of sale under power with reference to the 75-acre tract. It alleges therein that the plaintiff had declared the obligations due and payable, same were not paid when due and pursuant to power of sale in said deed to secure debt had advertised the sale of said property in the official gazette of the county as required by law, and on the first Tuesday in August 1982 and pursuant to said notice had sold the property to another for the sum of $14,000.

Plaintiff now seeks within 30 days after said sale that the same be confirmed and approved, the property having brought its true market value of $14,000 at said sale.

The defendants answered the application for confirmation and approval of sale under power, denying the averments of the application and further alleging that the property had previously been foreclosed under the deed to secure debt in question after advertisement on April 6, 1982, to satisfy the indebtedness which had been sold to Homer Worth as bidder for his wife for $15,000 and the sum now claimed of only $14,000 is not the fair market value of the property which had previously brought $15,000 on the first foreclosure sale. Defendants further allege that the second sale is fraudulent and an attempt by the plaintiff to avoid the consequences of its act in failing to have the first sale confirmed. The plaintiff had refused to deed the property to Mrs. Homer Worth notwithstanding that legal tender was made and that the plaintiff is guilty of laches in this proceeding in failing to comply and in seeking confirmation after the sale of property on April 6, 1982, and is not entitled to any action for deficiency judgment.

On September 20, 1982, filed September 22, 1982, the superior court entered an order confirming the sale setting forth that on October 1, 1980, the defendant Leon Worth had executed and delivered to the bank his deed to secure debt containing a power of sale in case of default and said property had been duly advertised and sold to another for the sum of $14,000, bringing its true market value. The sale was conducted for the purpose of paying the indebtedness, but did not bring the amount of the debt due. The debtor and the guarantor, the defendants herein, were given at least five days notice of the hearing as provided by order of the court. The advertisement of the sale was legal and proper.

After discovery (a deposition of the defendant Leon Worth and admissions of fact in certain unanswered requests for admissions to both the defendant Homer Worth and the defendant Leon Worth with reference to the various notes and guaranty agreements, the defendants having failed to reply to said requests for admissions, as well as the defendants' failure to answer certain interrogatories) plaintiff

moved for summary judgment. The motion for summary judgment was also based upon the confirmation of the sale and also an affidavit of an officer of the plaintiff regarding the amounts currently due and owing under all three notes. Defendants did seek by motion to withdraw the admissions resulting from the failure to answer, contending that they had been prevented from filing their answers to the requests for admissions by providential cause due to illness of one of the defendants and some of the information not being available and the presentation of the case on the merits will be subserved by the granting of this motion. Defendants' affidavits were also offered opposing the motion setting forth in substance that the property had already been sold, said affidavits including the substance of their answers to the complaint.

After a hearing the court issued an order denying the motions of both defendants to withdraw admissions resulting from defendants' failure to answer. As to plaintiff's motion for summary judgment same was granted after a hearing, and defendants appeal. *Held*:

First of all, we point out that both parties in this summary judgment case seek to retry this case anew before this court by setting forth in their briefs various and sundry facts in regard to what had occurred in this case without pointing out where in the record or transcript of the proceedings these facts may be found. From the admissions of the defendants, however, certain activities may have occurred in regard to the foreclosure of the property. Thus, we proceed to the considerations of the various enumerations of error as best we can in regard to the superior court's rulings and orders under review.

1. The first enumeration of error alleges the superior court erred in confirming the non-judicial foreclosure sale upon the power contained in the deed to secure debt. We note this action was filed in the same proceeding (suits on promissory notes), hence a final judgment did not occur until the grant of summary judgment. Therefore, it, in itself, although a proceeding brought under former Code Ann. §§ 67-1503, 67-1504, 67-1505 (now OCGA § 44-14-161, effective November 1, 1982) would have been a final judgment if separately filed but same did not become final when filed in another action on the notes as here, the same being ancillary to the main action on the notes, or deficiency after the sale while this action was pending. See in this connection *Wall v. Fed. Land Bank*, 240 Ga. 236 (1), 237 (240 SE2d 76); *First Nat. Bank & Trust Co. v. Kunes*, 230 Ga. 888 (199 SE2d 776), aff'g s.c. 128 Ga. App. 565 (197 SE2d 446).

But there is no transcript of the confirmation hearing in the record to review, and of course, the duty is upon the appellant to show error from the record which cannot be done absent the transcript of that proceeding, if any. See *Ward v. Nat. Dairy Prods. Corp.*, 224 Ga. 241 (1), 242 (2), 244-245 (161 SE2d 305); *Martin v. Dept. of Public*

*Safety*, 226 Ga. 723 (3) (177 SE2d 243); *Buford v. Buford*, 234 Ga. 700, 703 (217 SE2d 160). By brief, defendants' counsel points out that in response to the confirmation application, the property had already been sold at an earlier sale and for this reason, it could not again be sold so as to apply for confirmation of the second sale in 30 days of its original sale. We have only the response and admissions that such a sale may have occurred, although both counsel seek to point out in their briefs certain unsupported facts as to the transaction, none of which we can consider. At most it appears that this proposed foreclosure was incomplete and never a completed sale. No evidence has been produced showing a sale under the power and we cannot consider evidence presented by brief. We assume the order of the court confirming the sale is correct. *Walsey v. Lockhart*, 140 Ga. App. 348 (2) (231 SE2d 124). This enumeration of error is not meritorious.

2. Again as to the second enumeration of error, defendants seek to review the denial of their motions to withdraw admissions of fact made when they failed to answer written requests for admissions of fact. The superior court in the denial of the motions set forth that a hearing was held at which time defendants offered no testimony in support of their motion to withdraw the admissions. Counsel for the defendants contends that such admissions should be avoided when to do so will aid in the presentation of the merits of the action and will not prejudice the party who made the request, and the plaintiff failed to show it would be prejudiced by granting the motion, citing *Franks v. Reid*, 134 Ga. App. 94 (213 SE2d 193); *Cielock v. Munn*, 244 Ga. 810, 812 (262 SE2d 114); *West v. Milner Enterprises*, 162 Ga. App. 667 (292 SE2d 538); *Dorfman v. Lederman*, 154 Ga. App. 473 (268 SE2d 767); and *Moore Ventures Ltd. Partnership v. Stack*, 153 Ga. App. 215, 218-219 (264 SE2d 725). However, in *Whitemarsh Contractors v. Wells*, 249 Ga. 194, 195-196 (288 SE2d 198), the Supreme Court clarified *Cielock v. Munn*, 244 Ga. 810, supra, by adopting the special concurrence in *Cielock* which set forth that the defendant movant (who seeks to withdraw the admissions) must show that "the presentation of the merits will be subserved" by allowing the withdrawal and the mere filing of the motion does not satisfy this test. Further, as in the case sub judice, when the burden of proof at trial would be on the requestor (the plaintiff), the defaulting movant must show "the admitted request either can be refuted by admissible evidence having a modicum of credibility or is incredible on its face, and . . . the denial is not offered solely for purposes of delay."

The defendants failed to satisfy the first prong of former Code Ann. § 81A-136 (b) (Ga. L. 1966, pp. 609, 648; 1967, pp. 226, 234, 235; 1972, pp. 510, 528) (now OCGA § 9-11-36 (b)) by showing that the presentation of the merits would be subserved by allowing the withdrawal or amendment of the admissions, as they offered no testimony.

As no evidence was provided, we must again assume the order denying the motion was correct. See *Walsey v. Lockhart*, 140 Ga. App. 348 (2), supra. There is no merit in this complaint.

3. We next consider whether or not the superior court erred in rendering the final judgment granting summary judgment to the plaintiff against both defendants. All three notes were executed by the defendant Leon Worth. An earlier summary judgment had been entered against defendant Leon Worth as to the December 5, 1980, promissory note (number 16053, being a consumer collateral note involving the collateral, the 1981 Ford pick-up), and the judgment fi. fa. dated November 30, 1982, is shown to have been received by the assistant vice president of plaintiff "on which no amounts have been paid," and she has sworn to the amount due in an affidavit as follows: $3,272.58 principal; $389.30 interest, $1,075.97 attorney fees. She also by affidavit has testified that Leon Worth owes on one note (number 001299), the principal sum $24,270.08, interest $1,760.71, and attorney fees $3,904.62; and as to the other note (number 15589), $47.48 principal and $21.17 interest, all as of December 20, 1982.

The defendants have admitted the unpaid notes and the guaranty of payment by Homer Worth and notice of the claimed attorney fees by reason of an unclaimed certified letter addressed to Leon Worth at a post office box, Alma, Georgia, the defendant Leon Worth having admitted having received notice from the U. S. Postal Service that he had a certified letter to pick up at the Alma Post Office. See former Code Ann. § 20-506 (c) (Ga. L. 1946, pp. 761, 766; 1953, pp. 545, 546; 1957, p. 264; 1968, p. 317) (now OCGA § 13-1-11 (a) (3)) providing that the refusal to accept delivery of the notice shall be the equivalent of such notice.

In granting summary judgment to the plaintiff some four months after the affidavit offered in proof of the sums due, dated April 27, 1983, and filed April 28, 1983, the superior court rendered judgment against defendant Leon Worth, as follows: Note 1, as of April 21, 1983, principal $24,947.98, interest $3,386.85, and attorney fees $4,150.22; Note 2, principal and interest as of April 21, 1983, $47.75. Against Homer Worth the court showed the total amount due as $37,497.16 representing the above plus the unpaid fi. fa. as reported by the affidavit of the bank's assistant vice-president. We cannot stamp with approval this judgment although it may be correct as it does not appear arithmetically correct. We therefore affirm the judgment with direction that the superior court in simple arithmetic conform its judgment to the uncontroverted evidence for we do not find any fi. fa. in Civil Action Case No. 5787 and cannot ascertain the correctness of the other figures as taken from the plaintiff's uncontroverted evidence in this case, the affidavit of plaintiff's assistant vice-president.

*Judgment affirmed with direction. Sognier, J., concurs. Carley, J., concurs in the judgment only. Deen, P. J., disqualified.*

DECIDED JUNE 26, 1984 —
REHEARING DENIED JULY 25, 1984 —

*J. Laddie Boatright,* for appellants.
*M. Theodore Solomon, Jimmie J. Boatright,* for appellee.