## 73502. MURRAY v. STRATFORD.

(353 SE2d 85)

BEASLEY, Judge.

Stratford filed suit against Murray d/b/a Ted's Auto Salvage and Garage. Defendant was served with the complaint and summons on March 26, 1986; he filed a pro se answer late and without paying costs, on April 28. Plaintiff filed a "Motion to Strike Purported Answer and Enter Default Judgment" on May 21. Defendant was sent notice of the motion hearing which gave the date and hour, the name of the judge, and "Civil Court, Richmond County Courthouse, Augusta, Georgia." Following the hearing, by a judge other than the one named, that court struck defendant's answer and entered judgment by default for plaintiff on liability in each of the five counts.

On the judgment date, plaintiff filed a "Notice of Motion to Establish Damages" notifying defendant of the date and time it would establish by evidence the amount of damages, before the judge who had granted the default judgment. The court entered final judgment in favor of plaintiff after finding that defendant had been given proper notice of the hearing and upon making a specific determination under each count of the complaint.

Counsel for defendant filed a "Motion for New Trial," on the basis that the order striking defendant's answer and determining default was contrary to law, plus a "Motion for Reconsideration and Motion to Set Aside" on the bases that when defendant filed his pro se answer he asked if he needed to pay any money into court and was informed by "a clerk" of court that "no costs were needed to properly lodge his answer," and that he had inadequate notice of the hearing on the motion to strike his answer and enter default. The court denied defendant's motions after hearing.

Defendant appeals from the final judgment awarding damages and as error claims only that the first hearing could not be held by a judge other than the one named in the notice, nor in chambers, without notice of the changes. He argues that "[t]o do so effectively deprives appellant of his opportunity to be heard under both state and federal constitutions, as well as the statutes and decisions of the courts of Georgia."

1. To begin with, there is no support in the record for the state-

ment in the brief that the hearing was held in chambers. Plaintiff, who was present, whereas defendant was not, states it was held in the court hearing room. We cannot assume it was held at a place other than as shown in the notice. Even if it had been moved from the courtroom to chambers, not being a jury trial (see OCGA § 9-11-40 (b)), appellant shows no prejudice thereby. To constitute reversible error both error and harm must be shown. *Pearlman v. Pearlman*, 238 Ga. 259, 260 (2) (232 SE2d 542) (1977).

The same applies to the fact that a different judge heard the motion.

The hearing took place at the date, time, and place of which defendant had been sent plain notice. That is all that due process requires. *Ray v. Mayor &c. of Athens*, 221 Ga. 73, 76 (143 SE2d 386) (1965); see also *Hinson v. Hinson*, 218 Ga. 447 (128 SE2d 487) (1962). The face of the record shows sufficient notice and compliance with due process and "there is a presumption that a trial judge, acting as a public official, faithfully and lawfully performed the duties devolving upon him [cit.] and in the absence of a showing in the record that notice and opportunity for hearing was denied to appellant, we will presume that the trial court fully complied with the law. [Cit.]" *Ace Bonding Co. v. State*, 152 Ga. App. 477, 479 (263 SE2d 256) (1979). Furthermore, we know of no authority, and appellant cites none, for the proposition that a hearing scheduled before one judge may not be held before another judge of the same court. A party gains no entitlement to a certain judge via a notice of when and where to appear for hearing. Naming the judge in the notice is merely provided for information and as guidance to the right location; judge assignments may change without violating a party's rights to due process. There is no contention or evidence or indication whatsoever that defendant was misled and went to the wrong place or that the judge was not qualified to hear the motion.

Lastly, it is unclear whether or not appellant raised his novel argument before the trial court in his motions for new trial, for reconsideration, and to set aside. The trial court may well have had no cause to consider it. "[T]his court will review and correct only such error as was made in the trial court and only on the specific basis on which it was presented to the trial court. [Cit.]" *Morse v. MARTA*, 161 Ga. App. 405, 406 (2) (288 SE2d 275) (1982). Assuming it was raised and ruled on, and there being no transcript of evidence, we must also assume that the evidence authorized the trial court to deny defendant's motions in light of his contentions. *Favors v. State*, 173 Ga. App. 567 (1) (327 SE2d 543) (1985).

2. Appellee has moved this court for imposition of damages for frivolous appeal pursuant to OCGA § 5-6-6. They are granted for the following reasons: The appeal is totally without merit; the question

has not been properly presented for review; no authority is cited in support of the "another judge" contention; no harm is claimed; no valid reason for anticipation of reversal exists. Thus it appears to be frivolous and taken for delay only. See *St. Amour v. Roberts*, 170 Ga. App. 717 (318 SE2d 313) (1984); *Ayers v. Advertising Concepts*, 169 Ga. App. 400 (312 SE2d 876) (1984); *Dobbs v. Titan Properties*, 178 Ga. App. 389, 391 (2) (343 SE2d 419) (1986); *A. P. S. S. v. Clary & Assoc.*, 178 Ga. App. 131, 132 (4) (342 SE2d 375) (1986). Cf. *Sadler v. Trust Co. Bank*, 178 Ga. App. 871, 873 (3) (344 SE2d 694) (1986). In the remittitur, the trial court clerk shall be directed to add 10% of the amount of the judgment to it as damages.

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED JANUARY 23, 1987.

*William H. Lumpkin*, for appellant.
*J. Patrick Claiborne*, for appellee.