74972, 74973. CHASTAIN PLACE, INC. et al. v. BANK SOUTH, N. A. (two cases.)
(363 SE2d 616)

McMURRAY, Presiding Judge.

Defendant Bank South, N. A. made a $2 million construction loan agreement with plaintiff Chastain Place, Inc. The loan agreement was evidenced by a promissory note and secured by a deed to secure debt to the real property being developed. Plaintiff Hammer was a guarantor on the note. Subsequently, plaintiff Hammer borrowed $300,000 from defendant. This debt was secured by an office building owned by Hammer and the net proceeds of the loan, after paying off an existing mortgage on the building and closing costs, was used to pay interest and reduce principal on the Chastain Place, Inc. construction loan.

After defendant declared a default under both promissory notes and instituted non-judicial foreclosure proceedings against the two properties, plaintiffs filed suit against defendant seeking an injunction against the impending foreclosures and seeking damages for breach of contract in that defendant exercised unreasonable restrictions and control over the development project of Chastain Place, Inc. Plaintiffs obtained a temporary restraining order against foreclosure. Following dissolution of the temporary restraining order and relief from a subsequent bankruptcy stay defendant foreclosed on the two properties. Defendant reported the foreclosure sales to the superior court, filing the report in the case sub judice which was already pending. The defendant also moved for summary judgment as to each foreclosure. Following hearings on the respective issues, the superior court entered its order on November 25, 1986, approving the foreclosure sales of the two properties and on February 11, 1987, the court entered summary judgments in favor of defendant and against plaintiffs for the amounts of the deficiencies following the foreclosure sales.

On December 26, 1986, plaintiffs filed their notice of appeal (case no. 74972) from the confirmation order of November 25, 1986. On March 10, 1987, plaintiffs filed their notice of appeal (case no. 74973) from the February 11, 1987, grant of summary judgments in favor of defendant. *Held*:

1. The reports of the non-judicial foreclosure sales and applications for confirmation were filed in the already pending action between the parties. Hence, the confirmation order was not a final judgment as it disposed of fewer than all claims and there was no express direction for the entry of final judgment and determination that no just reason for delaying finality of the judgment exists. See OCGA § 9-11-54 (b). A final judgment did not occur until the grant of summary judgments to defendant. Therefore, the notice of appeal in case no. 74972 was filed prematurely and this case must be dismissed. See *Worth v. Alma Exchange Bank & Trust*, 171 Ga. App. 748, 751 (1) (320 SE2d 816); *Sidwell v. Wheeler*, 178 Ga. App. 732 (344 SE2d 527).

2. In case no. 74973, plaintiffs enumerate as error the grant of summary judgments in favor of defendant in that the confirmation of the non-judicial foreclosure sales was improper due to a failure to comply with the requirement of OCGA § 44-14-161 (c) that plaintiffs be given at least five days' notice of the confirmation hearing. OCGA § 44-14-161 (c) provides: "The court shall direct that a notice of the hearing shall be given to the debtor at least five days prior thereto; . . ." From *First Nat. Bank &c. Co. v. Kunes*, 128 Ga. App. 565 (197 SE2d 446), aff'd 230 Ga. 888 (199 SE2d 776), we draw the principles that actual notice will not cure the failure to comply with the notice provisions of OCGA § 44-14-161 (c) and that plaintiff Hammer as a

guarantor on the promissory note of Chastain Place, Inc., was entitled to notice of the confirmation hearing in regard to the sale of the security of Chastain Place, Inc. While we might infer from the decision in *Henry v. Hiwassee Land Co.*, 246 Ga. 87 (269 SE2d 2), and the ancillary posture of the confirmation proceeding in the case sub judice that the notice requirement of OCGA § 44-14-161 (c) would be satisfied by less than personal service, such as compliance with the notice requirement of OCGA § 9-11-5, there is no evidence in the case sub judice of the manner of purported compliance with OCGA § 44-14-161 (c). At the confirmation hearing plaintiffs' counsel raised the issue of lack of notice, stating in his place that neither he nor his clients had received any written notice pursuant to OCGA § 44-14-161 (c) or rule nisi concerning the confirmation hearing.

Under the circumstances of the case sub judice (case no. 74973), it appears that there was no evidence authorizing the superior court's finding of fact that notice of the hearing on the confirmations was properly given. Thus, the confirmations of the non-judicial foreclosure sales were not authorized and it follows that the summary judgments for deficiencies predicated thereon in favor of defendant and against plaintiffs cannot stand. We find that the superior court erred in granting summary judgments in favor of defendant and against plaintiffs.

*Judgment reversed in case no. 74973. Birdsong, C. J., Banke, P. J., and Benham, J., concur. Carley, J., concurs in the judgment only. Deen, P. J., Pope and Beasley, JJ., dissent. Sognier, J., disqualified. Appeal dismissed in case no. 74972. Birdsong, C. J., Deen, P. J., Banke, P. J., Pope, Benham and Beasley, JJ., concur. Carley, J., concurs in the judgment only. Sognier, J., disqualified.*

BEASLEY, Judge, dissenting.

I respectfully dissent with respect to Division 2, although I concur in the dismissal effected by Division 1.

To prevail on appeal, the appellants must show some harm even if they show error. *Glass v. State*, 235 Ga. 17, 19 (2) (218 SE2d 776) (1975); *Murray v. Stratford*, 181 Ga. App. 592 (1) (353 SE2d 85) (1987).

Appellants thrice had notice of the confirmation hearing: mailed service of the application pursuant to OCGA § 9-11-5 (b) upon attorney for the appellants, who had initiated the lawsuit originally; service of the Request for Oral Argument which clearly included it; publication of the hearing in the official organ.

Even if this was not an adequate type of notice to meet the statutory mandate of OCGA § 44-14-161 (c), appellants have shown no harm. They actually knew of the confirmation hearing in advance and attended and fully participated in it. This is unlike the situation in

*First Nat. Bank v. Kunes*, 128 Ga. App. 565 (197 SE2d 446) (1973), aff'd 230 Ga. 888 (199 SE2d 776), where the two complaining parties had no notice as "debtors," 230 Ga. at 889, and so did not have their day in court, see 128 Ga. App. at 567 (4). Unlike the two debtors there, who had no "opportunity to contest the approval of the sales before claims for the balance of the indebtedness could be prosecuted against them," 230 Ga. at 889, the appellants here had and took advantage of such opportunity. In *Henry v. Hiwassee Land Co.*, 246 Ga. 87 (269 SE2d 2) (1980), the debtor was not at the confirmation hearing and, in addition, no proceedings were pending between the parties there when the deficient notice was given.

In this case, however, the purposes of confirmation were met. *First Nat. Bank &c. Co. v. Kunes*, supra; *Goodman v. Nadler*, 113 Ga. App. 493, 496 (2) (148 SE2d 480) (1966). To reverse in order to hold another confirmation hearing with the same participants seems needless in the particular circumstances of this case.

I am authorized to state that Presiding Judge Deen and Judge Pope join in this dissent.

DECIDED DECEMBER 3, 1987.

*Donald J. Goodman*, for appellants.
*Thomas C. Harney*, for appellee.