A93A0139. GORDON v. TITLE INSURANCE COMPANY
OF MINNESOTA.
(432 SE2d 672)

COOPER, Judge.
This appeal arises out of a breach of contract action brought by appellee against Richard Gordon, an attorney, and Berthold & Gordon, P. C., Gordon's professional corporation. The trial court granted appellee's motion for summary judgment and Gordon, appellant herein, appeals.

In 1985, appellee entered into an agreement with Berthold & Gordon, P. C., wherein Berthold & Gordon, P. C. agreed to issue and deliver title insurance policies and collect premiums on behalf of appellee. The agreement also provided that Berthold & Gordon, P. C. would search and examine titles, or have titles searched or examined by approved attorneys, using the same care as if the titles were searched and examined for a client. As part of the agreement, Berthold & Gordon, P. C. agreed to be responsible for any losses occasioned by their negligence in examining a title or issuing an insurance policy.

In February 1986, Berthold & Gordon, P. C. issued a policy insuring a parcel of property. Several years later, it was discovered that a validly recorded deed to secure debt encumbered the property at the time that the policy was issued. The encumbrance did not appear

as an exception to the policy issued by Berthold & Gordon, P. C. Appellee contacted appellant about the matter, and appellant admitted that the examination had been performed by a "non-lawyer" on his staff. Upon demand of the insured, appellee paid over $13,000 to extinguish the existing encumbrance and subsequently filed a complaint against appellant and his corporation. Appellee alleged in the complaint that Berthold & Gordon, P. C., breached its agreement by failing to search the title in accordance with generally accepted practices, failing to cause the title to be searched by an approved attorney and failing to enter the existing encumbrance as an exception on the insurance policy. Appellee further alleged that appellant was individually liable for the breaches of his professional corporation through which he was engaged in the practice of law. Appellee moved for summary judgment, and neither appellant nor his corporation responded. In granting appellee's motion for summary judgment, the trial judge concluded that as an attorney and a principal shareholder in the professional corporation, appellant was jointly and severally liable to appellee.

1. Appellant contends in his first enumeration of error that since he was not a party to the contract between appellee and Berthold & Gordon, P. C., the trial court erred in finding him liable. We disagree. In *First Bank & Trust Co. v. Zagoria*, 250 Ga. 844 (302 SE2d 674) (1983), the Supreme Court of Georgia addressed the question of whether an attorney who is a shareholder in a professional corporation engaged in the practice of law can be personally liable for obligations of the professional corporation. The Court held that "when a lawyer holds himself out as a member of a law firm the lawyer will be liable not only for his own professional misdeeds but also for those of the other members of his firm." Id. at 847. As further discussed in Division 2, the failures of appellant's professional corporation, alleged and proven in this case, are of the type of "professional misdeeds" addressed in *Zagoria*. Accordingly, we find no merit to appellant's argument that he is not liable for his corporation's breach of the agreement.

2. Appellant's argument in his second enumeration of error, that *Zagoria* is inapplicable because the present case involves an insurance agency agreement rather than a contract to provide legal representation, is similarly without merit. In addition to such non-legal services as issuing insurance binders or policies, collecting premiums and other service charges, the agreement clearly contemplated that Berthold & Gordon, P. C. would provide legal services in connection with the search and examination of titles and the issuance of legal opinions regarding the title. As noted in *Zagoria*, "[w]hen a client engages the services of a lawyer the client has the right to expect the fidelity of other members of the firm. It is inappropriate for the lawyer to be

able to play hide-and-seek in the shadows and folds of the corporate veil and thus escape the responsibilities of professionalism." Id. at 846.

3. In his brief, appellant makes assertions that suggest he is not a shareholder in Berthold & Gordon, P. C. In failing to respond to appellee's motion for summary judgment, appellant did not raise this argument in the trial court. Moreover, even if the issue was appropriately raised, we will not address matters not enumerated as error but merely referred to in appellant's brief. See *Southern Trust Ins. Co. v. Ga. Farm Bureau Mut. Ins. Co.*, 194 Ga. App. 751 (5) (391 SE2d 793) (1990).

4. Appellee's motion for the imposition of a penalty for frivolous appeal pursuant to Court of Appeals Rule 26 (b) is denied. Appellant's cross-motion for a frivolous appeal penalty, brought on the grounds that appellee's motion for frivolous appeal penalty is without merit, is also denied.

*Judgment affirmed. McMurray, P. J., and Beasley, P. J., concur.*

DECIDED JUNE 16, 1993.

*Richard A. Gordon*, pro se.
*Dietrick, Evans, Scholz & Williams, Paul A. Dietrick, Tomlinson & Dennison, Jeffrey R. Joyce*, for appellee.