53503. SHORT v. RILES.

MARSHALL, Judge.

The appellant served the appellee by mail with a form containing a motion for new trial on the general grounds and an "order" (rule nisi). The appellee was served, also by mail, with two orders continuing the hearing for the motion for new trial as amended. Twenty-two days after the date set for the hearing by the last continuance order shown by the record to have been served on him, the appellee moved to dismiss the motion for new trial "on the ground that said motion for new trial and the rule nisi issued thereon has not been served on

plaintiff as provided by law."

The trial judge's order sustaining the motion to dismiss, from which this appeal is taken, contained the following findings of fact: "The motion for new trial filed by defendant in the above styled case was not served personally upon the plaintiff or his attorney. A copy of the motion for new trial and the rule nisi issued thereon were mailed to plaintiff's attorney by defendant's attorney as shown by certification of defendant's attorney . . . A copy of subsequent orders extending the time for filing a brief of the evidence and amended motion for new trial were also mailed to plaintiff's attorney by defendant's attorney. I further find that there were no actions taken by plaintiff or his attorney which would constitute a waiver of personal service of the motion for new trial and rule nisi issued thereon." The conclusions of law were as follows: "The laws of the State of Georgia do not provide for service of motion for new trial, with the rule nisi issued thereon, by any means other than personal service. Therefore, I find that the attempted service of the motion for new trial in the above styled case by mail is a nullity and that there has been no legal service of said motion for new trial and the rule nisi issued thereon."

The appeal from the dismissal of the motion for new trial raises the issue of the proper method of service of this motion. *Held:*

Prior to the enactment of the Civil Practice Act of 1965, personal service of motions for new trial and rules nisi was required under Code § 70-306. *Dunn v. Dunn,* 221 Ga. 368 (1) (144 SE2d 758) (1965).

Under the provisions of Ga. L. 1965, pp. 18, 31; 1966, pp. 493, 498; 1968, pp. 1072, 1076 (codified as Code Ann. §§ 6-902 (a) and 70-310 (a)), service by mail may be made of motions for new trial, as well as of "all notices and other papers hereunder" and "all other similar motions, orders and proceedings," which assumedly include rules nisi issued on motions for new trial. See also Code Ann. § 81A-105 (b) (Ga. L. 1966, pp. 609, 615; 1967, pp. 226, 229). The fact that Code § 70-306 was not repealed or amended by the CPA does not affect this holding with regard to rules nisi, because that statute provides for the necessity, not the method, of service.

The appellee's contention — that the original rule nisi served on him by mail was blank, not having been filled in — cannot be considered, as it is raised for the first time on appeal. *Anderson v. State,* 129 Ga. App. 1 (2) (198 SE2d 329) (1973) and cits. The rule nisi in the record before us, which the trial judge found was mailed (thus served) on the appellee, is filled in. Moreover, the purpose of the rule nisi being official notice of the time and place of the motion for new trial hearing, the appellee was given adequate notice by the rules nisi served on him for the two continuances.

The trial judge's order was apparently based on the pre-CPA law; therefore, it must be and is reversed.

*Judgment reversed. Deen, P. J., and Webb, J., concur.*

SUBMITTED MARCH 2, 1977 — DECIDED APRIL 8, 1977.

*Maylon K. London,* for appellant.
*Adams, Ellard & Frankum, Stephen D. Frankum, Linton K. Crawford, Jr.,* for appellee.