## 56528. UNILEASE NO. 16, INC. v. DUNRITE SALES CORPORATION.

BELL, Chief Judge.

Plaintiff, a foreign corporation, brought suit to recover for the breach of a lease agreement. The lease had been assigned to plaintiff by another foreign corporation. Defendant moved to dismiss on the ground that plaintiff, a foreign corporation, had not procured a certificate of authority to do business in this state from the Secretary of State prior to the commencement of this suit and therefore it could not maintain the action under Code Ann. § 22-1421 (b) and (c). At a hearing on the motion, counsel for defendant stated in his place that he "talked" with the Secretary of State's office and was advised that neither plaintiff nor plaintiff's assignor had ever been issued a certificate of authority to transact business within this state. Plaintiff conceded that it had not been granted a certificate of authority but submitted an affidavit showing that it was not required in its own right to obtain the certificate of authority under Code Ann. § 22-1401. The trial court granted the defendant's motion on the basis that neither plaintiff nor its assignor had obtained a certificate of authority to do business in Georgia from the Secretary of State. *Held:*

1. We reverse. The Georgia Business Corporation Code provides: "(b) No foreign corporation that under this Code is required to obtain a certificate of authority shall be permitted to maintain any action, suit or proceeding in any court of this State unless before commencement of the action it shall have obtained such a certificate. Nor shall any action, suit or proceeding be maintained in any court of this State by any foreign corporation that is the successor or assignee of such corporation on any right, claim or demand arising out of the transaction of business by such corporation in this State unless before commencement of the action a certificate of authority shall have been obtained by such corporation or by a corporation which has acquired all or substantially all of its assets." Code Ann. § 22-1421 (b). Defendant did not establish by competent evidence a prima facie case that plaintiff's assignor had not obtained a certificate of

authority to transact business in Georgia. The statement by defendant's counsel "in his place" that he had "talked" with someone in the Secretary of State's office who advised him that plaintiff's assignor had not obtained a certificate was merely hearsay and incompetent to establish this fact. It is true that an attorney is an officer of the court and a statement to the court "in his place" needs no further verification. See *Morris v. State,* 228 Ga. 39 (184 SE2d 82). Yet, this principle cannot be extended to convert otherwise incompetent hearsay into competent evidence. Therefore defendant's motion must fail as it was not shown competently that plaintiff's assignor had not obtained the certificate of authority. Thus, the provisions of Code Ann. § 22-1421 (b) have not been made applicable to this case.

2. Furthermore, even if defendant had established the lack of a certificate in the assignor, which it did not, the burden was on the defendant to establish the necessity of the assignor to obtain a certificate of authority to do business in Georgia. This was not done. Our statute, Code Ann. § 22-1401 (b), lists twelve activities which shall not be considered transacting business, and a foreign corporation involved in any one of these activities requires no certificate. Defendant asserts in its brief that since the lease shows that the assignor had an office in Georgia proves that a certificate was required. The mere fact of an office address standing alone is insufficient to establish that the assignor's activities did not fall within any of the twelve activities listed in the statute.

*Judgment reversed. Shulman and Birdsong, JJ., concur.*

ARGUED SEPTEMBER 20, 1978 — DECIDED OCTOBER 25, 1978.

*Cotton, Katz, White & Palmer, James Cifelli,* for appellant.

*J. Douglas Parks, Robert J. Reed, Louis W. Rice, III,* for appellee.