## A92A1719. PHELAN v. WELLS FARGO CREDIT CORPORATION.
### (427 SE2d 46)

BEASLEY, Judge.

On August 6, 1991, Wells Fargo Credit foreclosed on certain real property owned by Phelan. On September 5, Wells Fargo filed an Application for Confirmation and Report of Foreclosure Sale pursuant to OCGA § 44-14-161. A hearing was set by rule nisi for November 26. At the hearing, Wells Fargo informed the court that Phelan had not been served with notice of the hearing. The court directed that he be served within ten days or that the case would be dismissed. Phelan was not served within ten days, and the court dismissed the case on December 10. Phelan was personally served with the application and rule nisi on December 12, notwithstanding the dismissal two days earlier. The rule nisi still gave November 26 as the hearing date.

In view of the fact that Phelan was served on December 12, the trial court entered an order on January 7, 1992, setting aside the dismissal, reinstating the case to its original status, and setting the mat-

ter down for a hearing on February 7. Notice of the February 7 hearing was sent to Phelan by certified mail and received by him at least five days prior to the hearing. Phelan was not personally served with notice.

At the February 7 hearing, Phelan moved for a directed verdict at the close of Wells Fargo's case, on the ground that he was not personally served with notice of the hearing as required by OCGA § 44-14-161 (c). The trial court held that personal service was not required since the application for confirmation of the foreclosure sale had already been served upon Phelan.

OCGA § 44-14-161 (c) provides that notice of the hearing on an application for confirmation of a non-judicial foreclosure sale "shall be given to the debtor at least five days prior thereto; and at the hearing the court shall also pass upon the legality of the notice, advertisement, and regularity of the sale." *Henry v. Hiwassee Land Co.*, 246 Ga. 87, 88 (269 SE2d 2) (1980); see *Chastain Place v. Bank South*, 185 Ga. App. 178, 179 (2) (363 SE2d 616) (1987).

Where, as here, no action is pending between the parties, personal service of the application is required in order to give legal notice, and notice by certified mail will not suffice. *Henry*, supra. By appearing at the confirmation hearing without objecting to the manner in which notice was given, a defendant waives any objection to lack of personal service. Id. The fact that the defendant obtained actual knowledge of the confirmation hearing as a result of service by mail and then failed to attend the hearing is of no consequence if service by mail is legally inadequate. Id.

Phelan appeared at the hearing but asserted his defense of insufficient service, which was meritorious and should have been sustained.

*Judgment reversed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED JANUARY 11, 1993.

*Thomas C. Blaska & Associates, David N. Levine*, for appellant.
*Lefkoff, Duncan, Grimes & Miller, John R. Grimes*, for appellee.

