S95A2046. ALLIANCE PARTNERS et al. v. HARRIS TRUST & SAVINGS BANK et al.
S95A2047. SENSKE v. HARRIS TRUST & SAVINGS BANK et al.
(467 SE2d 531)

FLETCHER, Presiding Justice.

After Alliance Partners, a Georgia general partnership, failed to make monthly payments on a loan, Harris Trust & Savings Bank exercised its right under the deed to secure debt, conducted a public foreclosure sale, and bought the property for $2 million. The bank applied for confirmation of the sale in superior court as provided under OCGA § 44-14-161. The trial court approved the sale. The partnership challenges the constitutionality of the Georgia foreclosure and confirmation statute and partner Bruce Senske challenges the trial court's denial of his discovery. We affirm because the statute is constitutional and Senske received the documents to which he was entitled.

1. OCGA § 44-14-161 requires judicial approval of foreclosure sales under power of sale before the foreclosing party may bring an action to obtain a deficiency judgment.[1] The legislative intent was to provide for debtor relief.[2] The statute gives this relief by requiring speedy judicial review of the notice, advertisement, and regularity of the sale; insuring that the property sold for a fair value; and protecting debtors from deficiency judgments when the forced sale brings a price lower than fair market value.[3]

---

[7] See *Massey v. State,* 220 Ga. 883, 896 (142 SE2d 832) (1965).
[1] *First Nat. Bank &c. Co. v. Kunes,* 230 Ga. 888 (199 SE2d 776) (1973).
[2] Id. at 890.
[3] See *Wall v. Federal Land Bank,* 240 Ga. 236 (240 SE2d 76) (1977).

Twenty years ago, this Court held that OCGA § 44-14-161 did not violate equal protection or due process because there was insufficient state action in the Georgia foreclosure procedure.[4] We reasoned that the power of sale "is a purely contractual matter between two parties in the exercise of private property rights."[5] Alliance Partners argues that this Court should revisit that decision on the grounds that the superior court's role in confirming the sale price supplies the necessary state action for a constitutional challenge to the foreclosure sale.

We decline the partnership's invitation to revisit the issue of state action in the foreclosure process and adhere to our previous ruling that the statute is constitutional. In rejecting similar arguments, this Court has properly separated the foreclosure process from the confirmation proceeding in conducting an analysis of state action. The foreclosure sale is permitted under a power contained in a contract between the lender and debtor; the state does not become involved in the process until the foreclosing party seeks to recover the difference in the money owed under the contract and the amount obtained at the foreclosure sale. If no deficiency exists after the sale, judicial review is unnecessary. Therefore, we reject the partnership's attempt to create state action by grafting the court's role in the confirmation process onto the non-judicial foreclosure process.

2. OCGA § 9-11-81 provides that the Georgia Civil Practice Act applies to special statutory proceedings unless a specific law prescribes conflicting rules of practice and procedure. We recently held that the explicit language of OCGA § 9-11-81 permits discovery in an arbitration award confirmation proceeding absent a contrary provision in the Georgia Arbitration Code.[6] Similarly, discovery is permitted in a confirmation proceeding on a non-judicial foreclosure sale because it is a special statutory proceeding and no statute establishes a contrary rule of discovery.[7] Thus, the trial court incorrectly ruled that the discovery procedures of the Civil Practice Act do not apply in confirmation proceedings.

Although we disagree with the trial court's rationale, we find no basis for reversing its order denying Senske's overly broad discovery request. The legislature intended confirmation to be a speedy process.[8] As in other special statutory proceedings, any discovery is lim-

---

[4] *Coffey Enterprises Realty &c. Co. v. Holmes*, 233 Ga. 937, 939 (213 SE2d 882) (1975).
[5] Id. at 938.
[6] *Hardin Constr. Group v. Fuller Enterprises*, 265 Ga. 770 (462 SE2d 130) (1995).
[7] See *Small Business Admin. v. Desai*, 193 Ga. App. 852, 853 (389 SE2d 372) (1989), quoted in *Vlass v. Security Pacific Nat. Bank*, 263 Ga. 296 (430 SE2d 732) (1993).
[8] *Jones v. Hamilton Mtg. Corp.*, 140 Ga. App. 490, 491 (231 SE2d 491) (1976); see also OCGA § 44-14-161 (directing that debtor receive five days notice of hearing).

ited to the issues considered at the confirmation hearing.[9] This relevancy requirement means that the debtor in a proceeding under OCGA § 44-14-161 is permitted discovery only on the regularity of the sale and the market value of the property. The bank provided Senske all its documents related to the property for the three years prior to foreclosure, including its loan documents and appraisal. As a result, Senske obtained all the documents to which he was entitled under the Civil Practice Act.

The record reflects that Senske sought to depose only one Harris representative. At trial neither he nor the partnership presented any witness or other evidence of value and they had the opportunity to thoroughly cross-examine Harris's witnesses. Because there has been no specific showing of harm, we find no reversible error in the denial of Senske's deposition request.

*Judgment affirmed. All the Justices concur. Sears, J., disqualified.*

DECIDED MARCH 4, 1996 —
RECONSIDERATION DENIED MARCH 28, 1996.

*Davidson & Fuller, William M. Davidson, Stephen P. Fuller, Vanessa G. Morris,* for appellants (case no. S95A2046).

*Siegel & Golder, Mark L. Golder,* for appellant (case no. S95A2047).

*Alston & Bird, Richard R. Hays, Lori P. Hughes, Cynthia L. Counts,* for appellees.

---

[9] See *Hardin Constr.*, 265 at 772 (limiting discovery to affirmative defenses to confirmation of the arbitration award).