S02A0500. BALDWIN v. VINEYARD.
(562 SE2d 174)

HUNSTEIN, Justice.

William Baldwin and Joan Vineyard were married in 1990 and divorced in May 2001 by a final order requiring Baldwin to pay Vineyard $87,500 as equitable division of property and $3,000 in attorney's fees. Baldwin filed an application for discretionary appeal which we granted to determine whether the trial court erred by terminating the final hearing without allowing Baldwin to present evidence and by including in the final order a provision adjudicating Baldwin in automatic contempt for non-payment of a future amount

upon the filing of an affidavit by Vineyard. For the reasons explained below, we vacate and remand to the trial court.

1. A review of the record shows that after Vineyard testified at the final hearing, both the trial court and counsel engaged in a discussion concerning whether Baldwin had fraudulently transferred a substantial portion of the parties' marital property immediately prior to the filing of the divorce petition. As the trial court began to orally announce its judgment, Baldwin's counsel objected, stating that Baldwin wished to put on a case. The trial court then continued to outline its judgment and terminated the hearing. Baldwin contends the trial court erred in refusing to allow him to present evidence at the final hearing.

Regardless of the merit, or lack of merit, in Baldwin's theory of the case, the record demonstrates that the trial court improperly terminated the hearing without allowing Baldwin to present evidence. See *Gaither v. Gibby*, 267 Ga. 96, 97 (1) (475 SE2d 603) (1996); *Reichard v. Reichard*, 262 Ga. 561, 565 (2) (a) (423 SE2d 241) (1992). We are, therefore, constrained to vacate and remand to the trial court for a full hearing.

2. Although Baldwin's enumeration of error concerning the award of attorney's fees is mooted by our holding in Division 1, we address in this appeal the propriety of the self-effectuating contempt provision contained in the final order because the issue is likely to recur upon remand.

As part of its final judgment, the trial court ordered Baldwin to pay to Vineyard certain sums within 30 days of the date of the judgment, and directed that

> [i]f said amount is not paid as ordered, upon submission of an affidavit by [Vineyard] to that effect, [B]aldwin shall be picked up and incarcerated in the common jail of Carroll County, Georgia until said amount is paid in full.

Baldwin contends that the trial court erred by providing for his incarceration based solely upon the submission of an affidavit by Vineyard and without notice or an opportunity to respond to the contempt charges.

In Georgia, "a trial court cannot order incarceration pursuant to a self-effectuating order, regarding future acts, without benefit of a hearing. [Cits.]" *Burke v. Burke*, 263 Ga. 141, 142 (2) (429 SE2d 85) (1993). Accordingly, we find that that portion of the trial court's order adjudging Baldwin in automatic contempt for non-payment of the amounts owed to Vineyard on the basis of her affidavit and mandating his incarceration without a hearing is improper.

*Judgment vacated and remanded. All the Justices concur.*

DECIDED APRIL 15, 2002.

*James M. Allison, Jr.*, for appellant.
*Hopkins & Taylor, James J. Hopkins, Susan R. Waldrep*, for appellee.