## A09A1986. BELANS v. BANK OF AMERICA, N.A.
(692 SE2d 694)

PHIPPS, Judge.

R. Chris Belans appeals from the trial court's order confirming the foreclosure sales of three properties that Bank of America held as security for commercial loans he had guaranteed. Because the sales did not satisfy the entire indebtedness to the Bank, the Bank was required to comply with the confirmation process before it could seek to obtain a deficiency judgment against Belans.[1] Belans claims that, as part of that process, the Bank was required to serve him personally with notice of the confirmation hearing. He also claims that the trial court erred by confirming the foreclosure sales without receiving evidence that the requirements of OCGA § 44-14-161 had been satisfied and by confirming the sale of the third property when it was not reported to a judge within 30 days of the sale. We conclude that service of the notice of hearing was legally sufficient, but reverse the confirmation order for lack of evidence.

In 2006, Belans guaranteed payment of three promissory notes in favor of the Bank. Each promissory note was secured by real property located in Douglas County, as evidenced by a Deed to Secure Debt and Security Agreement (security deed, including modifica-

---

[16] (Citation and punctuation omitted.) *Abernathy v. State*, 299 Ga. App. 897, 903 (4) (a) (685 SE2d 734) (2009).

[17] Id. at 903-904 (4) (a).

[1] See OCGA § 44-14-161.

tions). When the promisor of the notes and the grantor of the security deeds defaulted, the Bank conducted nonjudicial foreclosure sales of the property securing the notes. The Bank reported the foreclosure sales to a judge of the Douglas County Superior Court and applied for confirmation. Following a March 24, 2009 hearing, the trial court issued a confirmation order that included findings of fact and conclusions of law.

1. Belans contends that he was not properly served with notice of the hearing, arguing that personal service was required.

The procedure for confirmation of nonjudicial foreclosure sales is set forth in OCGA § 44-14-161, which provides:

> (a) When any real estate is sold on foreclosure, without legal process, and under powers contained in security deeds, mortgages, or other lien contracts and at the sale the real estate does not bring the amount of the debt secured by the deed, mortgage, or contract, no action may be taken to obtain a deficiency judgment unless the person instituting the foreclosure proceedings shall, within 30 days after the sale, report the sale to the judge of the superior court of the county in which the land is located for confirmation and approval and shall obtain an order of confirmation and approval thereon.
>
> (b) The court shall require evidence to show the true market value of the property sold under the powers and shall not confirm the sale unless it is satisfied that the property so sold brought its true market value on such foreclosure sale.
>
> (c) The court shall direct that a notice of the hearing shall be given to the debtor at least five days prior thereto; and at the hearing the court shall also pass upon the legality of the notice, advertisement, and regularity of the sale. The court may order a resale of the property for good cause shown.

The legislative intent of this statute was to give debtor relief, which is provided by "requiring speedy judicial review of the notice, advertisement, and regularity of the sale; insuring that the property sold for a fair value; and protecting debtors from deficiency judgments when the forced sale brings a price lower than fair market value."[2]

Belans does not contend that the Bank failed to comply with the

---

[2] *Alliance Partners v. Harris Trust & Sav. Bank*, 266 Ga. 514 (1) (467 SE2d 531) (1996) (citation omitted).

procedures for service by publication set forth in OCGA § 9-11-4 (f) (1), but argues that service by publication was not legally sufficient. Although OCGA § 44-14-161 (c) does not specify the manner in which notice to the debtor must be given, the Supreme Court of Georgia held in *Henry v. Hiwassee Land Co.*[3] that where "no proceedings are pending between the parties at the time a notice is to be given, personal service generally is required in order to give legal notice."[4] In that case, however, the Court specifically stated that "[the debtor] was not hiding himself to avoid service of process" before determining that "[n]otice by mail is not *in the circumstances of the present case* legally equivalent to personal service."[5] Thus, we can infer from *Henry* that the notice requirement of OCGA § 44-14-161 (c) could be satisfied with less than personal service.[6]

This court has followed the general rule set forth in *Henry*[7] and acknowledged an exception to that rule.[8] Although our decisions in *Hill v. Moye*[9] and *Phelan v. Wells Fargo Credit Corp.*[10] do not contemplate exceptions to the general rule requiring personal service, those cases do not foreclose any such exceptions. Moreover, in those cases, we were not faced with the factual situation presented here.

In this case, the trial court found that Belans could not, after due diligence, be found within the state, and authorized service by publication. The court then found that such notice to Belans was legal and timely.

> Although the trial court has a duty under [OCGA § 44-14-161] to pass upon the legality of the notice given, this court ultimately must decide on the facts of each particular case whether the notice given was or was not legally adequate under our statutes and fundamental law.[11]

The record shows the Bank retained two special process servers

---

[3] 246 Ga. 87 (269 SE2d 2) (1980).

[4] Id. at 88 (citation omitted).

[5] Id. at 89 (emphasis supplied).

[6] See *Chastain Place, Inc. v. Bank South*, 185 Ga. App. 178, 180 (2) (363 SE2d 616) (1987).

[7] See *Hill v. Moye*, 221 Ga. App. 411, 412 (471 SE2d 910) (1996) (confirmation not valid against debtor who is not given at least five days legal notice of confirmation hearing by personal service); *Phelan v. Wells Fargo Credit Corp.*, 207 Ga. App. 54 (427 SE2d 46) (1993) (actual knowledge of confirmation hearing obtained by service by mail not sufficient; personal service required).

[8] See *Phillips v. Connecticut Nat. Bank*, 196 Ga. App. 477, 478 (1) (396 SE2d 538) (1990) (where attorney acknowledged service of notice on behalf of debtor, notice was sufficient).

[9] Supra.

[10] Supra.

[11] *Henry*, supra at 89 (citations omitted).

38

and had them appointed to serve Belans with the report of foreclosure sales and application for confirmation and the rule nisi setting the confirmation hearing. The first process server swore by affidavit that two of its employees had attempted unsuccessfully to serve Belans at least twelve times, at four different addresses. The second process server swore by affidavit that he had spent over sixty-five hours trying to locate Belans, and that he had unsuccessfully attempted service at four different locations, including seven visits and hours of surveillance at the house he had reason to believe was Belans's residence. When these efforts failed, the Bank moved for service by publication. The trial court granted the motion and issued an order for service by publication. The notice of the March 24 confirmation hearing was published in the Douglas County legal organ for four consecutive weeks, beginning on February 19, 2009. Belans did not attend the confirmation hearing.

Georgia law authorizes service by publication where the person upon whom service is to be made cannot be found, after due diligence, or conceals himself to avoid service of process.[12] Although other provisions of the Civil Practice Act have been held applicable to confirmation proceedings,[13] Belans relies on *Vlass v. Security Pacific Nat. Bank*[14] to support his contention that the service rules of OCGA § 9-11-4 do not apply in such proceedings. *Vlass*, however, does not stand for the proposition that a court cannot look to OCGA § 9-11-4 to determine whether service of a notice of hearing was proper under OCGA § 44-14-161. *Vlass* addressed the service of an application for confirmation, not a notice of hearing, and held that OCGA § 9-11-4 could not be used to inject additional service requirements that were not otherwise provided for in OCGA § 44-14-161 into a confirmation proceeding.[15] Thus, *Vlass* did not address whether service of a notice of confirmation hearing made in compliance with OCGA § 9-11-4 could satisfy the service requirements of OCGA § 44-14-161.[16]

Under the specific facts of this case, the trial court did not err in concluding that serving Belans by publication with the notice of confirmation hearing was sufficient.

2. Belans contends that the trial court erred in confirming the

---

[12] OCGA § 9-11-4 (f) (1) (A); *Melton v. Johnson*, 242 Ga. 400, 402 (249 SE2d 82) (1978).

[13] See *Alliance Partners*, supra at 515 (2) (discovery is permitted in confirmation proceeding on nonjudicial foreclosure sale); *Small Business Admin. v. Desai*, 193 Ga. App. 852, 853 (1) (389 SE2d 372) (1989) (Civil Practice Act provisions regarding joinder of parties apply to applications for confirmation).

[14] 263 Ga. 296 (430 SE2d 732) (1993).

[15] Id. at 297-298 (1).

[16] See *Ameribank v. Quattlebaum*, 269 Ga. 857, 859 (505 SE2d 476) (1998) (*Vlass* addressed whether an application for confirmation needed to be served on the debtor in accordance with OCGA § 9-11-4).

foreclosure sales because the Bank failed to submit evidence of the true market value of the properties as required by OCGA § 44-14-161 (b). "The trial court is the trier of fact in a confirmation proceeding, and an appellate court will not disturb its findings if there is any evidence to support them."[17]

Although the Bank submitted appraisal reports on all three properties at the confirmation hearing, the appraiser who prepared the reports, who was present at the hearing, did not testify. Instead, counsel for the Bank stated in his place that the properties had sold at fair market value as of the date of the foreclosure sale and that the Bank had relied on an expert appraiser in arriving at those fair market values. After reviewing the reports, the trial court determined that the properties were sold at fair market value and confirmed the sales.

In certain situations, we have stated that "[a]ttorneys are officers of the court and their statements in their place, if not objected to, serve the same function as evidence."[18] But "this principle cannot be extended to convert otherwise incompetent hearsay into competent evidence."[19]

The Bank argues that Belans waived his right to object to the lack of oral testimony supporting the appraisal reports. "Although there was no objection to the introduction of the report, hearsay evidence has no probative value even when it is admitted without objection."[20] Accordingly, the trial court should not have relied on the appraisal reports as the basis for its conclusion that the properties were sold at fair market value.[21] When the appraisal reports are eliminated from the record, no evidence remains to support the trial court's determination that the sales under power brought at least the fair market value. Consequently, the trial court erred by confirming the sales.[22]

3. Belans contends that the trial court erred in confirming the sale of the third property because it was not reported to a superior court judge within 30 days of the sale. Given our ruling in Division

---

[17] *Nash v. Compass Bank*, 296 Ga. App. 874, 875 (676 SE2d 28) (2009) (citation omitted).

[18] *In re Estate of Bell*, 274 Ga. App. 581, 583 (618 SE2d 194) (2005) (citation and punctuation omitted).

[19] *Unilease No. 16 v. Dunrite Sales Corp.*, 147 Ga. App. 728, 729 (1) (250 SE2d 179) (1978).

[20] *In the Interest of C. D. E.*, 248 Ga. App. 756, 764 (2) (546 SE2d 837) (2001) (trial court relied heavily, if not exclusively, on psychological report from psychologist who did not testify at hearing).

[21] See generally id.; cf. *Lewis v. First Nat. Bank of Atlanta*, 141 Ga. App. 338, 340 (233 SE2d 465) (1977) (by agreeing to submit confirmation case on evidence presented in affidavits, parties waived any right to insist upon evidence by way of oral testimony).

[22] See *Gutherie v. Ford Equip. Leasing Co.*, 206 Ga. App. 258, 261 (1) (424 SE2d 889) (1992).

2, we need not address this contention.
*Judgment reversed. Smith, P. J., and Bernes, J., concur.*

DECIDED MARCH 23, 2010.

*Schreeder, Wheeler & Flint, Philip R. Green, John A. Christy, Debbie A. Wilson*, for appellant.
*Troutman Sanders, Thomas E. Reilly, Cory S. Menees*, for appellee.