### A10A0080. BELANS v. BANK OF AMERICA, N.A.
(694 SE2d 725)

PHIPPS, Judge.

R. Chris Belans appeals from the trial court's order confirming the foreclosure sales of two properties that Bank of America held as security for commercial loans he had guaranteed. Because the sales did not satisfy the entire indebtedness to the Bank, the Bank was required to comply with the confirmation process before it could seek to obtain a deficiency judgment against Belans.[1] Belans claims that, as part of that process, the Bank was required to serve him personally with notice of the confirmation hearing. He also claims that the trial court erred by confirming the foreclosure sales without receiving evidence that the requirements of OCGA § 44-14-161 had been satisfied. We conclude that service of the notice of hearing was legally sufficient, but reverse the confirmation order for lack of evidence.[2]

In 2006, Belans guaranteed payment of two promissory notes in favor of the Bank. Each promissory note was secured by real property located in Cobb County, as evidenced by a Deed to Secure Debt and Security Agreement (security deed). When the promisor of the notes and the grantor of the security deeds defaulted, the Bank conducted non-judicial foreclosure sales of the property securing the notes. The Bank reported the foreclosure sales to a judge of the Cobb County Superior Court and applied for confirmation. Following an April 16, 2009 hearing, the trial court issued a confirmation order that included findings of fact and conclusions of law.

---

[1] See OCGA § 44-14-161.

[2] The Bank asserts that the trial court could order a resale of the properties under OCGA § 44-14-161 (c), regardless of our determination regarding the sufficiency of the evidence presented at the confirmation hearing. That issue, however, is not before us on appeal.

1. Belans claims that he was not properly served with notice of the hearing. Although he does not contend that the Bank failed to comply with the procedures for service by publication set forth in OCGA § 9-11-4 (f) (1), he argues that service by publication was not legally sufficient.

The procedure for confirmation of non-judicial foreclosure sales is set forth in OCGA § 44-14-161, which provides:

> (a) When any real estate is sold on foreclosure, without legal process, and under powers contained in security deeds, mortgages, or other lien contracts and at the sale the real estate does not bring the amount of the debt secured by the deed, mortgage, or contract, no action may be taken to obtain a deficiency judgment unless the person instituting the foreclosure proceedings shall, within 30 days after the sale, report the sale to the judge of the superior court of the county in which the land is located for confirmation and approval and shall obtain an order of confirmation and approval thereon.
>
> (b) The court shall require evidence to show the true market value of the property sold under the powers and shall not confirm the sale unless it is satisfied that the property so sold brought its true market value on such foreclosure sale.
>
> (c) The court shall direct that a notice of the hearing shall be given to the debtor at least five days prior thereto; and at the hearing the court shall also pass upon the legality of the notice, advertisement, and regularity of the sale. The court may order a resale of the property for good cause shown.

The legislative intent of this statute is to give debtor relief, which is provided by "requiring speedy judicial review of the notice, advertisement, and regularity of the sale; insuring that the property sold for a fair value; and protecting debtors from deficiency judgments when the forced sale brings a price lower than fair market value."[3]

The record shows that the Bank retained two special process servers and had them appointed to serve Belans with the report of foreclosure sales and application for confirmation and the rule nisi setting the confirmation hearing. One process server swore by affidavit that two of its employees had attempted unsuccessfully to

---

[3] *Alliance Partners v. Harris Trust & Sav. Bank*, 266 Ga. 514 (1) (467 SE2d 531) (1996) (citation omitted).

serve Belans at least twelve times, at four different addresses. Another process server swore by affidavit that he had spent over sixty-five hours trying to locate Belans, and that he had unsuccessfully attempted service at four different locations, including seven visits to and hours of surveillance at the house he had reason to believe was Belans's residence. When these efforts failed, the Bank moved for service by publication. The trial court granted the motion and issued an order for service by publication. The notice of the April 16 confirmation hearing was published in the Cobb County legal organ for four consecutive weeks, beginning on February 6, 2009. Belans did not attend the confirmation hearing.

In a recent case involving the same parties, we concluded that service of a notice of confirmation hearing by publication could, under certain circumstances, satisfy the service requirements of OCGA § 44-14-161.[4] Under these remarkably similar facts, the trial court did not err in concluding that serving Belans by publication with the notice of confirmation hearing was sufficient.[5]

2. Belans claims that the trial court erred in confirming the foreclosure sales because the Bank failed to submit evidence of the true market value of the properties as required by OCGA § 44-14-161 (b). "The trial court is the trier of fact in a confirmation proceeding, and an appellate court will not disturb its findings if there is any evidence to support them."[6]

At the confirmation hearing, counsel for the Bank stated in his place that the properties had sold at fair market value as of the date of the foreclosure sale and that the Bank had relied on an expert appraiser in arriving at those fair market values. The appraiser was present but did not testify, and the record does not contain any appraisal reports. After hearing from counsel, the trial court granted the Bank's request to confirm the sales.

In *Belans v. Bank of America*,[7] we determined that such statements by counsel did not satisfy the requirements of OCGA § 44-14-161 (b) and concluded that the trial court erred in confirming the sales because no competent evidence supported the court's determination that the sales under power had brought at least the fair market value.[8] For the same reasons, the trial court erred by confirming the sales at issue in this case.[9]

*Judgment reversed. Miller, C. J., and Johnson, P. J., concur.*

---

[4] *Belans v. Bank of America*, 303 Ga. App. 35, 36 (1) (692 SE2d 694) (2010).

[5] See id.

[6] *Nash v. Compass Bank*, 296 Ga. App. 874, 875 (676 SE2d 28) (2009) (citation omitted).

[7] Supra.

[8] Id. at 38 (2).

[9] See id.

DECIDED APRIL 12, 2010.

*Schreeder, Wheeler & Flint, John A. Christy, Philip R. Green, Debbie A. Wilson,* for appellant.

*Troutman Sanders, Thomas E. Reilly, Cory S. Menees,* for appellee.