A10A1790. PINE GROVE BUILDERS, INC. et al. v. SUNTRUST BANK.

(706 SE2d 129)

ANDREWS, Judge.

SunTrust Bank held a promissory note, secured by a deed to secure debt over real property, given by Pine Grove Builders, Inc. and

guaranteed by Robert C. Belans. After Pine Grove and Belans defaulted on the note, SunTrust exercised power granted in the security deed to conduct a nonjudicial foreclosure sale of the real property, and thereafter obtained an order from the Paulding County Superior Court pursuant to OCGA § 44-14-161 which confirmed the sale as to Pine Grove and Belans.[1] The order found that Pine Grove and Belans were properly served with notice; that the foreclosure sale was lawfully conducted; and that the property sold for at least its fair market value. Pine Grove and Belans appeal from the confirmation order. We affirm confirmation of the sale as to Pine Grove, and reverse confirmation as to Belans.

1. Belans correctly contends that the court erred by confirming the foreclosure sale as to him because he was not served with notice of the confirmation hearing as required by OCGA § 44-14-161 (c). Under OCGA § 44-14-161 (c), "[t]he court shall direct that a notice of the hearing shall be given to the debtor at least five days prior thereto. . . ." Because of evidence that Belans could not be located and was concealing himself to avoid diligent attempts to serve him personally, the court properly directed that he be served by publication. *Belans v. Bank of America*, 303 Ga. App. 35, 36-38 (692 SE2d 694) (2010). In *Belans*, we found under similar circumstances, and respecting the same debtor, that "the trial court did not err in concluding that serving Belans by publication with the notice of confirmation hearing was sufficient." Id. at 38. But in the present case, the record shows that service by publication was deficient because, although it gave Belans notice of the confirmation application, it is undisputed that it failed to give him notice of the date and time of the confirmation hearing. Because this failed to comply with the statutory requirement in OCGA § 44-14-161 (c) that Belans be given "notice of the hearing," the court's confirmation of the sale as to Belans must be reversed. *Henry v. Hiwassee Land Co.*, 246 Ga. 87, 88-89 (269 SE2d 2) (1980).

We find no merit in SunTrust's contention that, when Belans filed a notice of appeal from the confirmation order in the superior court, this amounted to a general appearance and consent to the court's jurisdiction and a waiver of any objection to notice of the hearing. SunTrust's application for confirmation named Belans as a debtor entitled to receive notice of the confirmation hearing pursuant to OCGA § 44-14-161 (c). Belans did not respond to the application; did not attend the confirmation hearing; filed no motion

---

[1] SunTrust's confirmation application also named Gregory W. Shoops as a debtor who guaranteed the defaulted note and was entitled to notice of the confirmation hearing. The trial court's confirmation order found that Shoops was not given notice of the hearing as required under OCGA § 44-14-161 (c), so the order did not confirm the foreclosure sale as to Shoops.

to set aside after entry of the confirmation order; and made no appearance in the superior court until he and Pine Grove filed a notice of appeal. Even if Belans had actual notice or knowledge of the confirmation hearing, in the absence of notice complying with OCGA § 44-14-161 (c), he could elect to make no appearance without waiving the lack of statutory notice. *Henry*, supra at 88. "Where there has been no legal service or waiver of service, the court's judgment is null and void." Id. Without waiving the notice issue or consenting to the court's jurisdiction, Belans could have moved to set aside the confirmation order for lack of notice and then appealed from a denial of the motion. Id. Belans was also entitled without waiving notice or consenting to jurisdiction to appeal directly to this Court on the notice issue without filing a motion to set aside the order. See *Brock Built City Neighborhoods v. Century Fire Protection*, 295 Ga. App. 205, 206, n. 1 (671 SE2d 240) (2008). By filing a notice of appeal in the superior court after entry of the confirmation order, Belans did not waive the notice issue and submit himself retroactively to the jurisdiction of the court. See *Bank of America Nat. Trust &c. v. Carr*, 292 P2d 587, 591-593 (Cal. App. 2d 1956).

2. Pine Grove claims that the trial court erred by confirming the foreclosure sale because there was a lack of evidence to support a finding that the sale took place. We find no merit to this claim. "The trial court is the trier of fact in a confirmation proceeding, and an appellate court will not disturb its findings if there is any evidence to support them." *Nash v. Compass Bank*, 296 Ga. App. 874, 875 (676 SE2d 28) (2009). In producing evidence that the foreclosure sale was lawfully conducted and that the property sold for at least its fair market value, SunTrust produced testimony from an eyewitness to the sale that the sale occurred. Accordingly, confirmation of the foreclosure sale as to Pine Grove is affirmed.

*Judgment affirmed in part and reversed in part. Ellington, C. J., and Doyle, J., concur.*

DECIDED FEBRUARY 9, 2011.

*Schreeder, Wheeler & Flint, John A. Christy, Philip R. Green*, for appellants.

*Husch, Blackwell & Sanders, Camden B. Scearce, Jr., Caroline B. Stefaniak, Timothy L. Mickel*, for appellee.