A10A2343. BELANS v. BANK OF AMERICA, N.A.
(709 SE2d 853)

</div>

MILLER, Presiding Judge.

R. Chris Belans appeals from the trial court's order confirming the foreclosure sales of three properties that Bank of America held as security for commercial loans he had guaranteed. This is the second appearance of this case before our court.[1] The general facts of this case are as set forth in the first appeal, *Belans v. Bank of America*, 303 Ga. App. 35, 36-38 (1) (692 SE2d 694) (2010) (*"Belans I"*):

> In 2006, Belans guaranteed payment of three promissory notes in favor of the Bank. Each promissory note was secured by real property located in Douglas County, as evidenced by a Deed to Secure Debt and Security Agreement (security deed, including modifications).When [Belans] and the grantor of the security deeds defaulted, the Bank conducted nonjudicial foreclosure sales of the property securing the notes. The Bank reported the foreclosure sales to a judge of the Douglas County Superior Court and applied for confirmation. Following a March 24, 2009 hearing, the trial court issued a confirmation order that included findings of fact and conclusions of law.

---

[1] In *Belans v. Bank of America*, 303 Ga. App. 35, 36-38 (1) (692 SE2d 694) (2010) (*"Belans I"*), we addressed Belans's claims regarding the trial court's prior confirmation order pertaining to the three properties in Douglas County that are at issue here. Belans and Bank of America have also recently appeared before this court in three additional appeals from confirmation orders as to other properties. See *Belans v. Bank of America*, 303 Ga. App. 654 (694 SE2d 725) (2010) (*"Belans II"*); *Belans v. Bank of America*, 304 Ga. App. XXIX, Case No. A10A0600 (decided July 7, 2010) (unpublished opinion) (*"Belans III"*); and *Belans v. Bank of America*, 306 Ga. App. 252 (701 SE2d 889) (2010) (*"Belans IV"*). Accordingly, the instant appeal is the fifth of its kind filed by Belans involving Bank of America. Belans was also a party to a similar appeal in *Pine Grove Builders v. SunTrust Bank*, 307 Ga. App. 764 (706 SE2d 29) (2011), which was recently decided by this court.

Id. at 35-36.

Belans filed an appeal from the trial court's first confirmation order, contending that (i) the Bank failed to serve him personally with notice of the confirmation hearing; (ii) the evidence was insufficient to establish that the requirements of OCGA § 44-14-161 were satisfied; and (iii) the sale of the third property could not be confirmed since it was not reported to a judge within 30 days of the sale. See *Belans I*, supra, 303 Ga. App. at 35. In *Belans I*, we affirmed the trial court's conclusion that service by publication was sufficient under the specific facts of this case. Id. at 36-38 (1). However, we reversed the confirmation order for lack of evidence to support the trial court's determination that the properties were sold for their fair market values. Id. at 38-39 (2).

Following remand, the trial court issued a rule nisi scheduling a new confirmation hearing for June 8, 2010. The rule nisi was mailed to Belans and his counsel. Although Belans failed to appear at the June 8 confirmation hearing, he was represented by counsel, who cross-examined witnesses and presented arguments on his behalf. After the hearing, the trial court issued a second confirmation order that included findings of fact and conclusions of law. The instant appeal then ensued.

In this appeal, Belans contends that the second confirmation order was erroneous since (i) he did not receive personal service of process under OCGA § 44-14-161 (c) when the rule nisi was mailed to him; (ii) there was no competent evidence of fair market value since the realty and personal property were sold for a lump sum; and (iii) the third foreclosure sale was not reported to the trial court within 30 days after the sale. We discern no reversible error and affirm.

1. Belans's contention that he was not properly served with the notice of hearing is without merit.

As we held in *Belans I*, the service by publication was authorized in this case. Id. at 36-38 (1). Our holding in *Belans I* became binding in all subsequent proceedings in the trial court as the law of the case. See OCGA § 9-11-60 (h) ("[A]ny ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals as the case may be."); *Empire Fire &c. Ins. Co. v. Driskell*, 262 Ga. App. 447, 449 (585 SE2d 657) (2003) (an issue that was resolved against appellant in a prior appeal cannot be relitigated).[2]

---

[2] An exception to the law of the case rule permits relitigation of an issue if the evidentiary posture of the case changes in the trial court "such that the original evidence submitted is

Following entry of the remittutur from *Belans I*, the case was reinstated in the trial court and was returned to the posture it occupied prior to judgment. See OCGA § 5-5-49 (a); *Strickland & Smith, Inc. v. Williamson*, 281 Ga. App. 784, 785 (637 SE2d 170) (2006) ("When an appellate court reverses a judgment, the effect is to nullify the judgment below and place the parties in the same position in which they were before judgment.") (punctuation and footnote omitted); *Rogers v. Fidelity Fed. Sav. & Loan Assn.*, 180 Ga. App. 330, 331 (349 SE2d 7) (1986) (setting aside the prior order "did not erase the slate clean of all previously filed documents," but rather, returned the case to the posture it occupied prior to judgment). Accordingly, the case proceeded as a pending action, not an entirely new action, and service of all subsequent pleadings and written notices was authorized to be made by mail in accordance with OCGA § 9-11-5 (b). See *Allen v. Bd. of Tax Assessors &c.*, 247 Ga. 568, 569 (277 SE2d 660) (1981) (after a party has been apprised of the pendency of a lawsuit, his constitutional right to notice and an opportunity to be heard can be met through subsequent service by mail under OCGA § 9-11-5 (b)); *Short v. Riles*, 141 Ga. App. 881, 882-883 (234 SE2d 710) (1977) (service of a rule nisi by mail provides adequate notice of the hearing in a pending action). The mailing of the rule nisi scheduling the second confirmation hearing in the case was authorized. Id.

2. Nor do we discern any merit in Belans's argument that the realty and personal property were sold for a lump sum, and thus, there was no competent evidence of fair market value. Significantly, we rejected this same argument in Belans's prior appeal under *Belans IV*, supra, 306 Ga. App. at 254-256 (2). Here, as in *Belans IV*, there was no evidence that personal property was conveyed in the sales. While Belans makes reference to testimony that certain appliances were located on the properties, the evidence supported a finding that those appliances were fixtures that had become a part of the realty.

> [W]hatever is placed in a building subject to a mortgage, by a mortgagor or those claiming under him, to carry out the obvious purpose for which it was erected, or permanently to increase its value for occupation or use, becomes a part of

found to be insufficient, and the deficient evidence is later supplemented." (Citation and punctuation omitted.) *Guthrie v. Wickes*, 295 Ga. App. 892, 895 (3) (673 SE2d 523) (2009). But the exception does not apply here. While Belans contends that the Bank subsequently learned where he was residing, his contention does not refute the evidence that the Bank could not locate him at the time that the service by publication was effected. See *Belans I*, supra, 303 Ga. App. at 36-38 (1).

the realty, although it may be removed without injury to itself or the building.

(Citation, punctuation and footnote omitted.) *Belans IV*, supra, 306 Ga. App. at 255 (2), citing *Tifton Corp. v. Decatur Fed. Sav. &c. Assn.*, 136 Ga. App. 710 (222 SE2d 115) (1975). In this case, the record shows that the foreclosure sales involved only real property.

The Bank further presented competent evidence establishing that the property sold for its true market value. At the June 8 confirmation hearing, the Bank presented witness testimony establishing that the sales for the three properties were conducted at public outcry auctions to the highest bidder. The first property sold for $620,000; the second property sold for $200,000; and the third property sold for $325,000. The Bank's expert appraiser, Jeffrey Bowling, testified as to his appraisals of the first and second properties and the methodology he used to determine the fair market value of the properties. Based upon Bowling's testimony, the fair market values of the first and second properties were the same amounts for which the respective properties had been sold. The Bank also introduced testimony from another expert appraiser, William Born, who testified as to his appraisal of the third property. Born explained the methodology he used to determine the value of the third property and stated that the fair market value of the property was the same amount for which it sold. The testimony from the expert appraisers constituted competent evidence and supported the trial court's conclusion that the properties were sold for their fair market values. See *Belans IV*, supra, 306 Ga. App. at 255-256 (2) (testimony from expert appraiser provided competent evidence of the property's fair market value).

3. Belans also claims that the report of the third sale was untimely. This claim likewise affords no basis for relief.

OCGA § 44-14-161 (a) pertinently provides that "no action may be taken to obtain a deficiency judgment unless the person instituting the foreclosure proceedings shall, within 30 days after the sale, report the sale to the judge of the superior court of the county in which the land is located for confirmation and approval[.]" At the hearing below, Belans's counsel argued that the time limitation set forth in this statute is akin to a statute of limitation. We agree.

Significantly, the statute of limitation is an affirmative defense which must be timely raised or it is waived. See *In the Matter of Oellerich*, 278 Ga. 22, 24 (596 SE2d 156) (2004); *Lewis v. Waller*, 282 Ga. App. 8, 10 (1) (a) (637 SE2d 505) (2006). Belans's claim as to the timeliness of the report of the third sale was raised for the first time in his appeal under *Belans I*. The opinion in *Belans I* did not address Belans's claim in light of its reversal of the confirmation order. See

*Belans I,* supra, 303 Ga. App. at 39-40 (3). Our appellate courts often address claims of error that are deemed as moot when the issue is likely to recur or affect the proceedings upon remand. See *Baldwin v. Vineyard,* 275 Ga. 134, 135 (2) (562 SE2d 174) (2002); *Barnett v. Farmer,* 308 Ga. App. 358, 360, n. 7 (707 SE2d 570) (2011); *Reese v. State,* 296 Ga. App. 186, 188 (3) (674 SE2d 68) (2009). However, Belans's claim was not addressed since we concluded that it was not necessary to do so. See *Belans I,* supra, 303 Ga. App. at 39-40 (3). Our conclusion in *Belans I* is supported by the fact that the claim had been waived.

Although a debtor is not required to file an answer to the mortgagee's report, he is permitted to raise objections. See *Wall v. Fed. Land Bank &c.,* 240 Ga. 236, 237 (1) (240 SE2d 76) (1977). See also *Weems v. McCloud,* 619 F2d 1081, 1085 (I) (5th Cir. 1980). Although Belans had been duly served with notice of the first confirmation hearing, he did not appear nor did he take action to ensure his representation at the proceedings.[3] His objection to the timeliness of the report of the third sale did not come until his appeal following entry of the first confirmation order. Generally, "[a]n argument not raised in the trial court is waived and cannot be raised for the first time on appeal." (Footnote omitted.) *Locke's Graphic & Vinyl Signs v. Citicorp Vendor Finance,* 285 Ga. App. 826, 828 (2) (a) (648 SE2d 156) (2007). And, since Belans was afforded the opportunity to appear and raise objections to the timeliness of the report, but he failed to do so, he waived this defense.[4] See, e.g., *Stephenson v. Roper Pump Co.,* 261 Ga. App. 131, 133 (581 SE2d 741) (2003) (in a proceeding where formal pleadings by the parties are not required, a plea of the statute of limitation is not required to be filed prior to a time when the evidence discloses that the matter is barred; however, waiver occurs if the defense is not urged until after an award or judgment has been made); *Hatfield v. Leland,* 143 Ga. App. 528, 529 (239 SE2d 169) (1977) (a party may not allow a case to be tried on the merits before coming in with a technical defense).

*Judgment affirmed. Barnes, P. J., and Andrews, J., concur.*

---

[3] At the first confirmation hearing held on March 24, 2009, defense counsel announced that he was appearing on behalf of Noble Builders, a co-defendant. Defense counsel did not file an entry of appearance on behalf of Belans until April 22, 2009, after the first confirmation hearing.

[4] We note that in *Pine Grove Builders,* supra, 307 Ga. App. at 765-766 (1), we held that Belans was not properly served with notice of the confirmation hearing, and thus, his claims were not waived by his failure to appear or take any action in the trial court's proceeding. In the instant case, however, Belans was properly served with notice. Under these circumstances, his election not to appear for the proceedings resulted in waiver.

DECIDED MARCH 23, 2011 —
RECONSIDERATION DENIED APRIL 11, 2011 — 

*Schreeder, Wheeler & Flint, John A. Christy, Philip R. Green*, for appellant.

*Troutman Sanders, Thomas E. Reilly, Cory S. Menees*, for appellee.