**FOURTH DIVISION**
**ELLINGTON, P. J.,**
**BRANCH and MERCIER, JJ.**

**NOTICE:** Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**February 13, 2017**

# In the Court of Appeals of Georgia

A16A1670. NADEL et al. v. BRANCH BANKING & TRUST COMPANY.

MERCIER, Judge.

This Court granted Bruce Nadel's and Brett Nadel's application for discretionary review of the trial court's order denying their motion to set aside an order confirming a non-judicial foreclosure sale. Because the evidence does not establish that Branch Banking & Trust Company ("BB&T") provided the Nadels with the required notice of the rescheduled confirmation hearing, we reverse.

Bruce and Brett Nadel are, respectively, the borrower and guarantor on a commercial loan that BB&T made in 2005. The loan was secured by a parcel of real estate, and the security deed authorized a non-judicial foreclosure sale of the property in the event of default. According to BB&T, Bruce Nadel defaulted, BB&T auctioned

the property at a public foreclosure sale in November 2013 for less than the amount owed, and a deficiency resulted. BB&T thereafter filed an application for confirmation and approval of the foreclosure sale.

*The First Notice of the Confirmation Hearing.* In January 2014, the trial court issued a notice that the confirmation hearing would be held on May 7, 2014, and directed that the notice and confirmation application be served on the Nadels as required by law. On February 19, 2014, BB&T personally served guarantor Brett Nadel with the application and notice at his residence - 4502 Old Mabry Place in Roswell, Georgia. BB&T attempted to serve borrower Bruce Nadel at a former business address - 8380 SW 124th Street in Miami, Florida - but determined that he no longer had an office there. On April 26, 2014, BB&T served Bruce Nadel with the application and notice at his residence - 5941 SW 96th Street in Miami, Florida; the 96th Street address was listed on the promissory note as Bruce Nadel's address. The 124th Street address had been printed on the affidavit of service for Bruce Nadel, but it was crossed out and replaced in handwriting with the 96th Street address.

*The Notice of Continuance.* Later that month, BB&T sent the Nadels letters stating that the hearing scheduled for May 7 had been continued and that they would be informed of the new hearing date when it was rescheduled. The letter to Brett Nadel

2

was addressed to the Old Mabry Place (correct) address, and the letter to Bruce Nadel was addressed to the 124th Street (wrong) address.

*The Notice of the New Hearing Date.* On May 9, 2014, the trial court issued a notice that the rescheduled confirmation hearing would be held on July 9, 2014. The distribution list for the court's notice listed both of the Nadels at the 124th Street address, and did not include the addresses at which Bruce or Brett Nadel had been served with the first hearing notice. A draft of the cover letter which BB&T's legal counsel averred by affidavit was "to be sent" to the Nadels notifying them of the reset hearing date was addressed only to Bruce, and contained the 124th Street (wrong) address; the exhibit which the affiant stated contained copies of the drafts of the letters sent to the "Respondents" (Exhibit G) included no letter to Brett Nadel. BB&T's counsel averred that the final drafts of the cover letters "would have been sent to" Bruce and Brett Nadel at their correct addresses, though copies of drafts with the correct addresses "could not be located."

*The Hearing and the Confirmation Order.* The Nadels did not appear at the July 9 hearing, and the trial court entered an order confirming the foreclosure sale on July 14, 2014. The court's distribution list for the confirmation order listed Bruce Nadel at the 124th Street address, and Brett Nadel at the Old Mabry Place address.

3

*The Motion to Set Aside.* In March 2015, the Nadels moved to set aside the confirmation order on several grounds, including that no notice of the July 9 hearing had been sent to them. BB&T opposed the motion. The court denied the motion, determining that: (i) the Nadels had pointed to no defect apparent on the face of the record showing that they had not been properly served by the court with the notice of the reset hearing; and (ii) regardless, they had received actual notice of the reset hearing from BB&T.

OCGA § 9-11-60 (d) authorizes a trial court to set aside its judgment on certain limited grounds, including "[a] nonamendable defect which appears upon the face of the record or pleadings." OCGA § 9-11-60 (d) (3). This Court reviews a trial court's ruling on a motion to set aside a judgment under § 9-11-60 (d) for abuse of discretion. *Moore v. Davidson*, 292 Ga. App. 57, 58 (663 SE2d 766) (2008). "The trial court is the trier of fact in a confirmation proceeding, and an appellate court will not disturb its findings if there is any evidence to support them." *Belans v. Bank of America*, 303 Ga. App. 35, 39 (2) (692 SE2d 694) (2010).

In foreclosure-sale confirmation proceedings, "[t]he court shall direct that a notice of the [confirmation] hearing shall be given to the debtor at least five days prior thereto." OCGA § 44-14-161 (c). "[W]ritten notice[] [is] authorized to be made by

4

mail in accordance with OCGA § 9-11-5 (b)." *Belans v. Bank of America*, 309 Ga. App. 208, 210 (1) (709 SE2d 853) (2011) (citation omitted). OCGA § 9-11-5 (b), pertinently provides that service by mail is made by mailing a copy to the person at the person's last known address. "Compliance with the notice requirement of OCGA§ 9-11-5 (b) is mandatory, not discretionary." *Sprint Transp. Group, Inc. v. China Shipping NA Agency, Inc.*, 313 Ga. App. 454, 456 (721 SE2d 659) (2011) (punctuation and footnote omitted). BB&T agrees that it was required to serve the Nadels by mail in accordance with OCGA § 9-11-5 (b). An order that is based on a hearing and entered against a party without notice to that party of the hearing is subject to a motion to set aside on the ground of a nonamendable defect where the lack of notice appears on the face of the record. *Brown v. Citizens & Southern Nat. Bank*, 245 Ga. 515, 517-518 (265 SE2d 791) (1980); *Moore*, supra at 58, 60. "[B]efore any presumption arises that a letter has been received through the mails it must be shown that the letter (1) was written; (2) was properly addressed to the party; (3) contained the correct postage; and (4) was duly mailed in the United States Post Office." *Shelton v. Rodgers*, 160 Ga. App. 910, 912 (288 SE2d 619) (1982) (punctuation omitted).

1. The Nadels contend that the trial court erred by denying their motion to set aside the confirmation order, because no evidence supported the trial court's finding that BB&T served them with the required notice of the new hearing. We agree.

The proper service addresses for the Nadels were made part of the record when affidavits of service were filed as to BB&T's application and the court's notice of the May 7 confirmation hearing. The record shows that Bruce Nadel's last known address was on 96th Street, and that Brett Nadel's last known address was on Old Mabry Place. Yet, the record shows that the notice from the court was mailed to the Nadels at the 124th Street address – an address BB&T has conceded was not the correct address. And the only purported notice from BB&T to the Nadels was a *draft* of a letter, addressed only to Bruce Nadel, at the wrong address. BB&T has shown no other evidence that the notices were written, properly addressed and duly mailed to the Nadels. Under the circumstances, a non-amendable defect appears on the face of the record.

Nonetheless, BB&T argues that the evidence was sufficient to show that it mailed notice of the July 9 hearing to the Nadels as required by OCGA § 9-11-5 (b). BB&T points to the affidavit from an attorney employed by the law firm that represented BB&T as evidence that notice of the reset hearing was mailed to the

Nadels at their correct addresses. But the affidavit does not contain such evidence. Instead, the attorney averred that, in accordance with the law firm's normal business policy and procedure, the draft of the cover letter prepared by an assistant and forwarded to her informing the Nadels of the hearing "would have been finalized and sent" to them, and that the final drafts "would have been sent to" the Nadels at their correct addresses. The draft letter is addressed to Bruce Nadel at the incorrect address (124th Street). And an email states that the paralegal "will prepare" a letter notifying Brett Nadel of the hearing. Counsel for BB&T added, "[f]or unknown reasons," copies of the final drafts of the letters sent to the Nadels could not be found. Despite the affidavit's vagueness, BB&T submitted no other evidence showing that notice regarding the July 9 hearing had in fact been sent to either of the Nadels at the correct addresses.

The Nadels are correct that no evidence supported the trial court's finding that BB&T's counsel provided them with notice of the July 9 hearing, given: (i) BB&T's counsel's speculation about what "would have been" done; (ii) counsel's incorrectly addressed draft letter; and (iii) BB&T's failure to produce certificates of service, copies of the final versions of the letters, or any other evidence of proper mailing. See *Belans*, 303 Ga. App. at 39 (2); *Shelton*, supra at 912. Notably, while BB&T argues

7

that the Nadels were obligated to inform the court that their addresses had changed, it points to no evidence that the Nadels' addresses in fact changed while the confirmation proceeding was pending (i.e., that the Nadels' "last known address[es]" were other than the addresses at which they were served with the first hearing notice).

Finally, whether the Nadels had actual knowledge of the confirmation proceeding is of no consequence, as "actual notice or knowledge will not cure the failure to comply with the statute as to confirmation. A party is not bound by every court proceeding of which he has knowledge." *Ameribank, N.A. v. Quattlebaum*, 269 Ga. 857, 859-860 (505 SE2d 476) (1998) (citations omitted); see also *First Nat. Bank & Trust Co. v. Kunes*, 230 Ga. 888, 889 (199 SE2d 776) (1973) (the guarantor is entitled to the same legal protection as the debtor). "We decline to sanction substantial compliance or to adopt a harmless error rationale in this case of procedural violation of the confirmation statute. Either posture is contrary to the required strict construction of the statute." *Ameribank, N.A.*, supra. Inasmuch as no evidence established that BB&T gave the Nadels the required notice of the hearing date, the court abused its discretion in denying the motion to set aside the judgment. See *Moore*, supra at 60; *Pine Grove Builders, Inc. v. Suntrust Bank*, 307 Ga. App. 764, 766 (1) (706 SE2d

129) (2011) ("Where there has been no legal service or waiver of service [of notice of a confirmation hearing], the court's judgment is null and void.").

2. We do not address the Nadels' contention set out in their initial appellate brief - that the law required the hearing notice to have emanated from the *trial court* (as opposed to having emanated from BB&T). The Nadels implicitly concede the point in their appellate reply brief, stating that the issue is pretermitted by the issue of whether there was sufficient evidence that BB&T proved that it properly mailed the notices of the reset hearing to the Nadels with the second hearing notice (addressed in Division 1, supra). Nor do we address BB&T's assertion that the Nadels have admitted the facts required to be established in a confirmation action by failing to respond to BB&T's requests for admissions, inasmuch as the assertion has no bearing on the threshold issue of proper notice. Further, BB&T failed to raise the issue before the trial court, so it is not properly before the Court. See *Capital Land USA, Inc. v. Mitsubishi Motors Credit of America, Inc.*, 308 Ga. App. 71, 73-74 (3) (706 SE2d 590) (2011).

*Judgment reversed. Ellington, P. J., and Branch, J., concur.*