# Court of Appeals
# of the State of Georgia

ATLANTA,  November 16, 2018

*The Court of Appeals hereby passes the following order:*

## A18A1784. DUGGER v. ZHU.

In this pending action concerning a business dispute initiated by Hanping Zhu, the Superior Court of Murray County struck the answer and defenses of one defendant, David Dugger, for failing to comply with multiple orders compelling discovery responses. Zhu filed a motion for default judgment as to his conversion claim against Dugger (Count 1 of the complaint), which the trial court granted. Dugger filed a motion to vacate the order granting partial default judgment under OCGA § 9-11-60, alleging that the motion for default judgment was not served upon his counsel.[1] The trial court denied Dugger's motion to set aside.

The trial court determined that there is no just reason for delay as to this ruling and entered final judgment, and Dugger appeals, contending that the trial court erred in denying his motion to vacate and set aside the order granting Zhu's motion for partial default judgment. Dugger contends that a non-amendable defect appears on the face of the record, specifically that the record shows that Zhu did not serve his motion for default judgment upon Dugger's counsel in compliance with OCGA § 9-

---

[1] "Whenever under [the Civil Practice Act] service is required or permitted to be made upon a party represented by an attorney, the service shall be made upon the attorney unless service upon the party is ordered by the court. Service upon the attorney or upon a party shall be made by delivering a copy to the person to be served or by mailing it to the person to be served at the person's last known address or, if no address is known, by leaving it with the clerk of the court." OCGA § 9-11-5 (b).

11-5 (b).[2] Under OCGA § 5-6-35 (a) (8), an application for discretionary appeal must be filed to appeal from an order denying such a motion to set aside a judgment. *Nadel v. Branch Banking & Trust*, 340 Ga. App. 213, 215 (797 SE2d 140) (2017); *King v. Bd. of Regents of Univ. Sys. of Ga.*, 215 Ga. App. 570 (451 SE2d 482) (1994); *Cain v. Moore*, 207 Ga. App. 726, 728 (2) (429 SE2d 135) (1993); *TMS Ins. Agency v. Galloway*, 205 Ga. App. 896, 898 (424 SE2d 71) (1992). Dugger's failure to file a discretionary application thus deprives this Court of jurisdiction over this appeal, which is hereby DISMISSED. *Jim Ellis Atlanta, Inc. v. Adamson*, 283 Ga. App. 116 (640 SE2d 688) (2006). See *Rebich v. Miles*, 264 Ga. 467, 467-468 (448 SE2d 192) (1994) (In cases where "both the direct appeal and discretionary appeal statutes are implicated . . . the underlying subject matter generally controls over the relief sought in determining the proper appellate procedure.").



Court of Appeals of the State of Georgia

Clerk's Office, Atlanta,   11/16/2018

I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

Witness my signature and the seal of said court hereto affixed the day and year last above written.

, *Clerk.*

---

[2] "A motion to set aside may be brought to set aside a judgment based upon . . . [a] nonamendable defect which appears upon the face of the record or pleadings. Under this paragraph, it is not sufficient that the complaint or other pleading fails to state a claim upon which relief can be granted, but the pleadings must affirmatively show no claim in fact existed." OCGA § 9-11-60 (d) (3) (1987). An order that is based on a hearing and entered against a party without notice to that party of the hearing is subject to a motion to set aside on the ground of a non-amendable defect where the lack of notice appears on the face of the record. *Nadel v. Branch Banking & Trust*, 340 Ga. App. 213, 215 (797 SE2d 140) (2017).